[No. 1672-3.   Division Three.   May 18, 1976.]

ELLIS A. McCREA, *Respondent*, v. UNION PACIFIC RAILROAD COMPANY, *Appellant*.

---

*William F. Nielsen* and *Hamblen, Gilbert & Brooke, P.S.,* for appellant.

*Ivy, Elofson, Vincent, Hurst & Crossland* and *David K. Crossland,* for respondent.

MUNSON, J.—This appeal is taken from an order granting a new trial; the order was based upon *Godfrey v. State*, 84 Wn.2d 959, 530 P.2d 630 (1975), in which RCW 4.22.010 (comparative negligence) was held to be "retroactive" in certain instances. The Union Pacific Railroad appeals; respondent Ellis A. McCrea moves to dismiss the appeal. We grant respondent's motion to dismiss following argument on the motion and receipt of appellant's brief on appeal, pursuant to CAROA 52.

The respondent was injured December 14, 1971. On April 1, 1974, the provisions of RCW 4.22.010 became effective.[1] Trial began December 9, 1974; a jury verdict was returned on December 20, 1974, in favor of the railroad; and judgment was entered January 7, 1975, the same date the decision in *Godfrey* was filed.

The respondent's motion for new trial was granted after the court concluded that the interpretation of RCW 4.22.010 in *Godfrey* required that the respondent's proposed instructions pertaining to comparative negligence should have been given instead of the contributory negligence instructions which the court gave. We agree. As stated in *Godfrey* at page 961:

> We hold the trial court erred. RCW 4.22.010 and .020 apply retrospectively to causes of action having arisen prior to the statute's effective date of April 1, 1974, *but in which trials have begun subsequent thereto.*

(Italics ours.) and at page 968:

---

[1]"Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages caused by negligence resulting in death or in injury to person or property, but any damages allowed shall be diminished in proportion to the percentage of negligence attributable to the party recovering."

Accordingly, the statute applies to all causes of action having arisen during the applicable period of limitation prior to its effective date though trials based thereon may have been commenced thereafter.

*Godfrey* states that comparative negligence is applicable to cases in which the claim arose prior to the effective date of the legislation, *i.e.*, April 1, 1974, though the trial may have begun subsequent thereto. Here, the injury occurred prior to April 1, 1974; the trial commenced subsequent thereto; respondent timely proposed instructions on the issue of comparative negligence, which instructions were refused. The trial court correctly interpreted *Godfrey* when it granted a new trial.

The appellant contends: (a) This case was final as of January 7, 1975, the verdict having been received and judgment entered as of that date and (b) *Godfrey* is applicable only to cases which have commenced after April 1, 1974, but which have not become final as of the date that decision was rendered (January 7, 1975). Neither contention is well taken.

This judgment, although entered January 7, 1975, was not final; there remained, pursuant to stipulation by counsel, argument on respondent's motion for new trial.

A determination purporting to be a judgment or decree, if subject to de novo review at a later hearing in the same cause, is not a final judgment because it does not constitute a "final determination of the rights of the parties in the action." RCW 4.56.010.

*Nestegard v. Investment Exch. Corp.*, 5 Wn. App. 618, 623, 489 P.2d 1142 (1971).

Furthermore, the time for appeal had not lapsed. Had an appeal been taken from a denial of respondent's motion for new trial, this court would have decided that the comparative negligence instructions should have been given and remanded the case for new trial.

Lastly, this case is not governed by the date the decision in *Godfrey* was filed, but rather by the reasoning therein; the effective date of the statute controls.

Respondent's motion to dismiss the appeal is granted and the case remanded for new trial.

McINTURFF, C.J., and GREEN, J., concur.