[No. 1242–3.   Division Three.   June 23, 1977.]

RAY ASHCRAFT, *Appellant,* v. GLENN WALLINGFORD,
ET AL, *Respondents.*

Edward B. Critchlow and Critchlow, Williams, Ryals & Schuster, for appellant.

Diehl R. Rettig and Loney, Westland, Raekes, Rettig & Sonderman, for respondents.

GREEN, J.—Plaintiff brought this action against the defendants for damages arising from an automobile collision, which occurred when both parties attempted to pass a third vehicle. From a summary judgment granted in favor of defendants,[1] plaintiff appeals.

The propriety of the summary judgment presents the sole issue on appeal. Plaintiff contends (1) issues of material fact exist as to his contributory negligence, and as to defendant's last clear chance to avoid the collision; and (2) comparative negligence applies. We affirm.

In considering a motion for summary judgment, the court's function is to determine whether a genuine issue of material fact exists, not to resolve the issue. A material fact is one upon which the outcome of the litigation depends, and the moving party has the burden of proving by uncontroverted facts that no genuine issue exists. All material evidence and all reasonable inferences must be construed most favorably to the nonmoving party, and if reasonable men might reach different conclusions, the motion should be denied. Where the moving party supports the motion with evidentiary matter, the nonmoving party must demonstrate the existence of an issue of material fact by a showing beyond the allegations in the pleadings. *Amant v. Pacific Power & Light Co.,* 10 Wn. App. 785, 520 P.2d 181 (1974), *aff'd,* 84 Wn.2d 872, 529 P.2d 829 (1975); *LaPlante*

---

[1]Future reference to defendant shall mean Glenn Wallingford, as Mrs. Wallingford was not involved in the collision.

*v. State*, 85 Wn.2d 154, 531 P.2d 299 (1975); CR 56(c). With these rules in mind, we turn to the record.

The defendant, Glenn Wallingford, sets forth his version of the collision in his affidavit:

That on or about February 2, 1971, at the approximate hour of 1 p.m. this affiant pulled out onto Highway 12 heading north toward Grandview and was following a red Falcon pickup at an approximate speed of 45 to 50 miles per hour and proceeded to lawfully pass the red pickup and was nearly parallel with the red pickup when the red pickup made a sharp left turn into the passing lane then being driven by affiant and a collision between the vehicles occurred; . . .

This affidavit is accompanied by two photographs: the highway where the accident occurred, and the damaged red Falcon pickup. From these photographs it is evident that the highway is straight, 2–lane, with an unobstructed view, and that the primary damage to the pickup is to the left front door, left front fender and lesser damage along the entire left side. However, there is no damage to the direct rear of the pickup.

Plaintiff expressed his version of the accident by affidavit, stating preliminarily that he recalls few of the details of the collision. However, he does remember that while proceeding on sign Route 12 toward Grandview at approximately 50 miles per hour, he approached a white Plymouth automobile traveling in the same direction at 25 to 35 miles per hour. He pulled into the passing lane and when "approximately equal to the white Plymouth being passed, [his] automobile was struck from the rear by an automobile traveling at a very high rate of speed." Plaintiff further states that "although he has no direct recollection of so doing, it is his normal habit to turn on his directional signal lights when passing a car or changing lanes and to look into his rear–view mirror." He has no recollection of seeing any car to his immediate rear "although one may have been a sufficient distance back to form no impression whatsoever upon affiant as to the suitability of passing a car preceding him." In answers to interrogatories, plaintiff states that

defendant's vehicle was traveling much faster than his vehicle.

The affidavit of Dale F. McKenzie, one of plaintiff's attorneys, states that defendant admitted immediately after the collision that he saw plaintiff's flashing signal light prior to the accident indicating a change of lane. This affidavit states the investigating officer's report revealed that "defendant's automobile skidded for 93' before striking plaintiff's automobile from the rear."

Diehl R. Rettig, attorney for defendant, in his affidavit refers to portions of plaintiff's deposition where it is stated: (1) while he does not remember whether he turned around and looked before he moved into the passing lane, he normally does not do so on a 2-lane road; (2) he is aware that cars have blind spots and also that people have blind spots in their vision; and (3) he has no recollection of looking in his rearview mirror prior to passing.

Plaintiff's deposition, in substance, states that he does not recall the collision; that subsequent observations show his pickup was struck on the left rear side; that although he does not recall looking, he habitually watches his inside and outside rearview mirrors while driving; that he did not see defendant's vehicle; that he recalls the hood on his car was about even with the rear trunk of the white Plymouth when the collision occurred; and that somebody measured 96 feet of skid marks left by defendant's vehicle.

Based on this record, the trial court granted summary judgment. Although the record does not reflect the basis for the summary judgment, plaintiff's brief indicates the central issue was whether he was contributorially negligent as a matter of law. Plaintiff contends the record creates an issue of material fact as to his negligence and, therefore, summary judgment was improper. We disagree.

RCW 46.61.305(1) provides:

No person shall turn a vehicle . . . from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.

Where the evidence is uncontroverted that the defendant's overtaking vehicle was in the passing lane prior to the attempted movement into that lane by the plaintiff, plaintiff's failure to observe such traffic in the passing lane immediately before initiating his movement renders him negligent as a matter of law. *Niven v. MacDonald,* 72 Wn.2d 93, 431 P.2d 724 (1967); *Hurst v. Struthers,* 1 Wn. App. 935, 465 P.2d 416 (1970). However, the issue is for the trier of fact if the evidence is conflicting as to whether defendant's overtaking vehicle was in the passing lane at the time plaintiff attempted to change lanes. *Schaffner v. Saunders,* 6 Wn. App. 657, 495 P.2d 702 (1972). In *McGlothlin v. Cole,* 3 Wn. App. 673, 677–78, 477 P.2d 47 (1970), the court stated:

> The left–turning driver should be held negligent as a matter of law *only* when reasonable minds cannot differ on the proposition that had the left–turning driver looked for possible traffic in the passing lane immediately before starting the left turn across it, he would have seen the passing car which necessarily was in that lane before the driver started the left turn. In such situation the left turn could not be made with reasonable safety. . . . When reasonable minds can differ on this proposition, the issue of negligence is for the trier of fact.

Here, the following facts are uncontroverted: (1) the highway was straight and unobstructed; (2) defendant's vehicle left 93 feet of skid marks; (3) the damage to plaintiff's pickup was primarily to the left forward side, with minor damage to the left taillight; (4) the damage to defendant's car was on the right front grille and fender; (5) it is plaintiff's habit to use his rear and side mirrors, but he did not turn his head to look and was without recollection as to whether he in fact used the mirrors; (6) plaintiff at no time saw defendant's vehicle; and (7) defendant stated he was in the passing lane when plaintiff attempted to pass. No evidence was produced by plaintiff controverting the defendant's showing that he was in the passing lane at the time plaintiff attempted his pass.

Defendant's statement that he was in the passing lane first is corroborated by the physical facts, *i.e.,* skid marks and damage to the two vehicles. Construing the evidence most favorably to plaintiff, and assuming that plaintiff looked in both rearview mirrors before changing lanes, a material issue of fact is still not created. Plaintiff is charged with seeing what was there to be seen. *Niven v. MacDonald, supra* at 99. We do not believe that under the circumstances of this case reasonable minds could differ on the proposition that had plaintiff looked immediately before attempting movement into the passing lane, he would have seen defendant's car which the evidence necessarily shows was in that lane.

Second, plaintiff contends that even if he is held negligent as a matter of law, the theory of last clear chance should be submitted to a trier of fact. He contends that since his turn signal was seen by defendant, he had advance warning that plaintiff intended to move into the passing lane, and thus a material issue of fact is presented, *i.e.,* whether defendant saw the signal in time to avoid the accident. The only evidence offered by plaintiff in support of this defense is contained in the affidavit of plaintiff's attorney, Mr. McKenzie. He states that defendant admitted seeing plaintiff's flashing signal light before the accident occurred. However, this affidavit does not disclose the point at which the defendant first saw the signal light. It is well settled that before the doctrine of last clear chance is available, plaintiff must show that the defendant had a last *clear* chance, rather than a *possible* chance, to avoid the collision. *Kerlik v. Jerke,* 56 Wn.2d 575, 354 P.2d 702 (1960). Here, the only inference is that the defendant applied his brakes and made a reasonable effort to avoid the collision. The record before this court fails to show that defendant had a *clear* chance to avoid the collision; at most, he had a *possible* chance which proved unsuccessful. Therefore, the doctrine is not available as any other conclusion would require speculation and conjecture.

Third, plaintiff contends that even if he is contributorially negligent as a matter of law, his action should not be barred, but should be submitted to the trier of fact and governed by comparative negligence, RCW 4.22.

In *Godfrey v. State,* 84 Wn.2d 959, 968, 530 P.2d 630 (1975), the court determined that the comparative negligence statute had retroactive application:

> RCW 4.22.010 and .020 apply retrospectively to causes of action having arisen prior to the statute's effective date of April 1, 1974, but in which trials have begun subsequent thereto.
>
> . . .
>
> We hold that sections 1 and 2 were intended to operate fully; that the statute was intended to be operative on the effective date set forth therein; and, that *the statute was designed to apply to all causes of action having arisen during the applicable period of limitation prior to that date* [April 1, 1974] though trials may have been commenced thereafter, subject of course to applicable statutes of limitations.[2]

(Italics ours.)

█ Here, the accident occurred February 2, 1971, and was timely commenced within the statute of limitations. The motion for summary judgment was filed October 10, 1972, and was heard March 7, 1974. Trial was scheduled to commence on June 24, 1974. The order granting summary judgment and dismissing plaintiff's complaint due to the

---

[2]Defendant argues that this language on its face is susceptible of the interpretation that RCW 4.22.010–.020 apply retroactively to causes of action arising only during the appropriate statute of limitations prior to the effective date of RCW 4.22. This interpretation would lead to the conclusion that comparative negligence would not apply herein as the cause of action arose more than 3 years prior to April 1, 1974. Because of the absence of any factual statement in the *Godfrey* opinion, we examined the original record to ascertain the meaning of this language. In *Godfrey,* the cause of action arose July 25, 1970, and the action was commenced June 14, 1973. A motion for summary judgment and entry of a pretrial order as to the applicability of RCW 4.22 was filed March 14, 1974, heard March 29, 1974, when the trial court determined that the statute applied prospectively, and the order was entered June 14, 1974. Thus, in light of these facts, it is clear that *Godfrey* gives retroactive application to all causes of action which arose prior to April 1, 1974, unless, of course, they are barred by a statute of limitations.

bar of contributory negligence was entered June 14, 1974. Therefore, the comparative negligence statute, operating retroactively by virtue of *Godfrey,* would have applied to the present case. However, at no time did plaintiff present to the trial court its contention that comparative negligence was applicable.[3] A party has the obligation to assert its claims, legal positions, and arguments to the trial court to preserve the alleged error on appeal. Issues not raised in the hearing for summary judgment cannot be considered for the first time on appeal. *State v. Burri,* 87 Wn.2d 175, 178, 550 P.2d 507 (1976); *State v. Young,* 87 Wn.2d 129, 132, 550 P.2d 1 (1976); *Ferrin v. Donnellefeld,* 74 Wn.2d 283, 444 P.2d 701 (1968); *Save—Way Drug, Inc. v. Standard Inv. Co.,* 5 Wn. App. 726, 490 P.2d 1342 (1971).

Affirmed.

MUNSON, C.J., and McINTURFF, J., concur.

Petition for rehearing denied by Court of Appeals February 15, 1977.

Reconsideration ordered by Supreme Court February 6, 1978.

---

[3]Neither the affidavit filed November 2, 1972, in opposition to the motion for summary judgment nor the memorandum in opposition filed March 7, 1974, asserts that comparative negligence applies. Even after April 1, 1974, the effective date of RCW 4.22, plaintiff failed to assert the application of the statute. In *Godfrey v. State, supra,* through a motion for summary judgment, and *McCrea v. Union Pac. R.R.,* 15 Wn. App. 472, 550 P.2d 19 (1976), through comparative negligence instructions, the issue of whether comparative negligence applied was properly presented to the trial court and erroneously determined, thereby resulting in remand of those cases for new trial. Here, the issue was never presented to the trial court.