[No. 8372-1-III. Division Three. December 1, 1987.]

WALLA WALLA COUNTY FIRE PROTECTION DISTRICT NO. 5,
*Appellant,* v. WASHINGTON AUTO CARRIAGE,
INC., *Respondent.*

*John Junke* and *McAdams, Ponti & Junke,* for appellant.

*George Fearing* and *Leavy, Schultz & Sweeney,* for respondent.

GREEN, J.—Walla Walla County Fire Protection District 5 appeals the denial of its motion for prejudgment interest on a jury award of $45,297.41 in its favor against Washington Auto Carriage, Inc.

The facts are undisputed. In January 1982 the Fire District contracted with General Fire Equipment Company to design and construct fire fighting apparatus to be installed on a new truck chassis purchased by the Fire District. General subcontracted the work to Washington Auto Carriage, and in June 1982 it was completed. The new chassis cost $13,402.54 and Washington Auto charged the Fire District $28,552.73 for the installation work. The fair market value of the equipment installed was agreed to be $3,676.64.

On June 26, 1982, while fighting a grass fire, the new truck caught fire and was destroyed. It cost $265.50 to have the truck towed from the scene, but the Fire District received $600 as salvage. A demand by the insurance company for the Fire District for reimbursement from Washington Auto on its subrogation claim was refused. On March 6, 1985, the Fire District commenced this action alleging negligence and breach of warranty. A jury returned a verdict in favor of the Fire District for $45,297.41. The Fire District then moved for an award of prejudgment interest. This motion was denied "based on the *Boeing* [*Co. v. State,* 89 Wn.2d 443, 572 P.2d 8 (1978)] case". The Fire District appeals the denial of prejudgment interest.

First, the Fire District contends the court erred by interpreting *Boeing* to preclude prejudgment interest in negligence cases. We agree.

In *Boeing* the Boeing Company sued the City of Auburn for negligently failing to either reroute traffic around a low underpass or provide a device calling a driver's attention to a too–high load. Two jet engines were damaged when the truck on which they were being transported failed to clear the underpass. Boeing's request for prejudgment interest was denied. Nevertheless, the court stated at page 453:

> None of these cases stands for the proposition that interest can properly be awarded from a date prior to judgment in a case of ordinary negligence. In each instance where prejudgment interest was awarded, the defendant was guilty of an intentional tort or a breach of contract. A rule allowing prejudgment interest in a negligence action would have a significant effect upon the defendant's liability. *Assuming that it is within the proper province of the court to adopt a rule allowing prejudgment interest, such a step should be taken only after a thorough study of its probable impact and the conflicting interests and policy considerations involved.* The court did not err in denying the respondent's application for such interest.

(Italics ours.) The court in *Boeing* did not hold prejudgment interest could not be awarded in ordinary negligence cases; rather, the court indicated a thorough study should be done before adopting such a rule. Thus, the court here erred in basing its denial of such an award on the *Boeing* decision.

 This interpretation of *Boeing* is consistent with *Hansen v. Rothaus*, 107 Wn.2d 468, 730 P.2d 661 (1986),[1] a decision that apparently was not available to the trial court

---

[1]Washington Auto asserts that this court cannot consider on appeal *Hansen v. Rothaus, supra,* and cites to *Lake Air, Inc. v. Duffy,* 42 Wn.2d 478, 256 P.2d 301 (1953) and *Ashcraft v. Wallingford,* 17 Wn. App. 853, 565 P.2d 1224 (1977), *review denied,* 91 Wn.2d 1016 (1979) to support its position. However, in *Lake Air, Inc.,* at 482, it was a contention not presented to the trial court which was being asserted on appeal that was barred, and *Ashcraft,* at 860, holds: "A party has the obligation to assert its claims, legal positions, and arguments to the trial court to preserve the alleged error on appeal." Here, the Fire District did request prejudgment interest at the trial court level. There is no rule preventing an appellate court from considering case law not presented at the trial court level.

at the time of its decision. There the court stated at page 474:

> Contrary to respondents' first argument, that *Boeing* resolves the question here, we find that our opinion there *did not foreclose prejudgment interest awards in negligence actions. Boeing simply called for further study.*

(Italics ours.) The court also stated:

> The nature of the claim, not its characterization as sounding in contract or negligence, decides the issue. We reiterate the court's established analysis, and hold that whether prejudgment interest is awardable depends on whether the claim is a liquidated or readily determinable claim, as opposed to an unliquidated claim.

*Hansen,* at 472.

Second, the Fire District contends its claim was liquidated and thus the court should have awarded prejudgment interest. We agree.

Prejudgment interest is allowed when: (1) an amount claimed is "liquidated", or (2) when the amount of an "unliquidated" claim is for an amount due upon a specific contract for the payment of money, and the amount due may be determined by computation with reference to a fixed standard contained in the contract without reliance on opinion or discretion. A claim is liquidated when the evidence furnishes data which, if believed, makes the exact computation of the amount possible without resort to opinion or discretion. "A dispute over the claim, in whole or in part, does not change the character of a liquidated claim to unliquidated." *Hansen v. Rothaus, supra* at 472 (citing *Prier v. Refrigeration Eng'g Co.,* 74 Wn.2d 25, 33, 442 P.2d 621 (1968)). However, where the exact amount of the sum cannot be definitely fixed from the proven facts, disputed or undisputed, but must depend on the opinion or discretion of the judge or jury, then the claim is unliquidated. *Hansen v. Rothaus, supra* at 473 (quoting *Prier,* at 33).

The circumstances presented here are unique: the parties agreed the cost of the chassis was $13,402.54; the cost of attaching the fire fighting equipment to the chassis was

$28,552.73; the fair market value of the equipment on the truck at the time of the fire, including ladders, hoses, etc., was $3,676.64; and the towing charges equaled $265.50 and the truck's salvage value was $600. These figures were presented to the jury. When they are computed, the total equals the amount of the jury's award.

Nevertheless, Washington Auto contends the claim was unliquidated because Chief Toon's opinion testimony was necessary to establish that the fair market value of the truck at the time of the fire was the same as the cost because there had been no depreciation. The record shows Chief Toon's testimony was offered for the purpose of showing the truck had not depreciated in value from its original cost. The parties had stipulated the truck had been driven from Burbank to Pasco and back to install a radio and had been taken on two training sessions before the day of the fire. Nowhere in the record of Chief Toon's testimony does it show he testified as to the fair market value of the truck. Furthermore, Washington Auto did not offer any evidence of fair market value nor did it controvert either Chief Toon's testimony or the amount claimed. Since the evidence was not in dispute, the amount claimed by the Fire District for the truck was easily computed by the jury and was, therefore, a liquidated claim.[2]

Finally, when does prejudgment interest accrue? The Fire District contends it begins at the time of loss while Washington Auto asserts it does not begin until a demand for payment is made. We agree with the Fire District.

Prejudgment interest may be properly awarded from the date a claim becomes liquidated. *Prier v. Refrigeration Eng'g Co., supra; Seattle–First Nat'l Bank v. Pacific Nat'l Bank,* 22 Wn. App. 46, 60, 587 P.2d 617 (1978); *Green v. Rocket Research Corp.,* 12 Wn. App. 613, 620, 530 P.2d

---

[2]The Fire District concedes that the value of the equipment installed on the truck is unliquidated because it was used equipment and was actually in dispute. To avoid the issue at trial, the value was compromised. Consequently, the parties have agreed that prejudgment interest would not accrue on the sum of $3,676.64. Such dispute did not exist as to the amount of the remaining items.

1340, *review denied,* 85 Wn.2d 1011 (1975). "The plaintiff should be compensated for the 'use value' of the money representing his damages *for the period of time from his loss to the date of judgment.*" (Italics ours.) *Hansen,* at 473. Applying these rules here, prejudgment interest began to accrue at the time of the loss of the truck, not when demand was made.

Accordingly, we reverse and remand for determination of prejudgment interest.

THOMPSON, A.C.J., and MUNSON, J., concur.

After modification, further reconsideration denied January 14, 1988.