IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| FRANK PRIMIANI, | ) | No. 38125-1-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN SCHNEIDER, individually and | ) | |
| on behalf of the marital community | ) | UNPUBLISHED OPINION |
| comprised of STEVEN SCHNEIDER and | ) | |
| JANE DOE SCHNEIDER; and STEVEN | ) | |
| SCHNEIDER ATTORNEY AT LAW, | ) | |
| P.S., a Washington professional services | ) | |
| corporation, | ) | |
| | ) | |
| Respondents. | ) | |

PENNELL, J. — This is Frank Primiani's third appeal related to efforts to challenge his mother's will. The will contains a no-contest provision and Mr. Primiani's previous litigation resulted in his disinheritance. Mr. Primiani has now sued his probate attorney, Steven Schneider, for malpractice. The trial court dismissed the suit on summary judgment. We reverse.

The issue in this case is causation. Mr. Primiani is a licensed attorney and had an association of counsel agreement with Mr. Schneider. The trial court theorized that, given Mr. Primiani's role, he could not establish Mr. Schneider's deficient representation caused the losses associated with the will contest case. We deem this issue as one that

must be resolved by a fact finder. There are contested issues of material fact regarding

whether Mr. Primiani relied on Mr. Schneider. We further hold that collateral estoppel

does not bar litigation on this issue. The order of summary judgment is reversed and this

matter is remanded for further proceedings.

## BACKGROUND

*Facts leading up to Mr. Primiani's probate litigation*

Mr. Primiani's mother, Maria, died testate in December 2014. Her will divided her

estate between Mr. Primiani and his sister, Anna Primiani Iliakis. The will contained a

no-contest clause, specifying that if one of Maria Primiani's heirs unsuccessfully

contested her will, that heir's inheritance would be reduced to one dollar. Maria

Primiani's will was admitted to probate in January 2015 and Ms. Iliakis was appointed

personal representative pursuant to the terms of the will.

At around the time the will was admitted to probate, Mr. Primiani consulted an

attorney named Douglas Edwards about a possible will contest. Mr. Edwards advised

Mr. Primiani that a will contest would be too risky. He explained there did not appear to

be a factual basis for a will contest. He also explained Mr. Primiani had a lot to lose and

not much to gain. Even if the will contest was successful, the properly division would be

substantially the same. But an unsuccessful will contest would invoke the no-contest

clause and reduce Mr. Primiani's inherence to one dollar.

Mr. Primiani was dissatisfied with Mr. Edwards's advice. Mr. Primiani is a

licensed attorney, though he has limited experience with probate matters or litigation.

Mr. Primiani researched some of the issues regarding his mother's estate and thought he

had a basis for a challenge based on allegations of undue influence against his sister.

Mr. Primiani wanted to get a second opinion regarding the viability of a challenge to his

mother's will. Mr. Edwards referred Mr. Primiani to an attorney named Steven Schneider.

Mr. Primiani contacted Mr. Schneider and shared Mr. Edwards's assessment of the

case. Mr. Schneider agreed to represent Mr. Primiani and the two men executed a retainer

agreement.

In addition to the retainer, Mr. Primiani and Mr. Schneider also entered into an

association of counsel agreement. The agreement identified Mr. Schneider as lead counsel

and Mr. Primiani as associate counsel. According to the agreement, Mr. Primiani was to

provide assistance such as legal research, correspondence, investigation, discovery,

motions, and trial support. The agreement specified that Mr. Primiani was to act "only

with prior consultation of" Mr. Schneider. Clerk's Papers (CP) at 116. According to Mr.

Primiani, he entered into the association agreement in order to offset some costs.

*Mr. Primiani's probate litigation*

In August 2015, Mr. Schneider filed a petition in the probate proceeding on

Mr. Primiani's behalf.[1] The petition purported to make claims on behalf of the estate

against Ms. Iliakis and her husband, seeking Ms. Iliakis's removal as personal

representative, and asking the court to order an account and partition of real property.

The petition also included allegations that Ms. Iliakis had exerted undue influence in the

making or execution of Maria Primiani's will. The petition was signed by Mr. Schneider,

not Mr. Primiani. The estate filed an answer, raising multiple affirmative defenses,

including lack of standing and passage of the statute of limitations.

In December 2015, Mr. Schneider served a subpoena duces tecum, requesting

Maria Primiani's medical records from Providence Visiting Nurses Association Home

Health (Providence). The estate formally objected to release of the records, but not before

they had been collected by Mr. Schneider. The estate then moved for a protective order,

requesting the records be disgorged and the subpoena quashed.

The court held a hearing on the subpoena issue. During the hearing, Mr. Schneider

acknowledged he obtained Providence's records, reviewed them, and e-mailed them to his

---

[1] Mr. Primiani previously obtained an extension of time for filing a claim from the estate's attorney.

client. Mr. Schneider confessed error regarding the way in which he had subpoenaed the records, noting that under the uniform statute on healthcare information, he should have provided the estate advance notice of the subpoena and an opportunity to object. During the subpoena hearing, Mr. Schneider explained he needed the subpoenaed records because Mr. Primiani's allegations regarding the estate amounted to a will contest.

The court issued a temporary protective order and found that the medical records were irrelevant because Providence's treatment of Maria Primiani occurred years after she executed her will. The court further found Mr. Schneider obtained the records in violation of CR 45, the federal Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, and Washington's Uniform Health Care Information Act, chapter 70.02 RCW. The court quashed the subpoena, ordered Mr. Primiani to return all records to Providence, and ordered Mr. Primiani to destroy any copies he still possessed.

Following the hearing, the estate moved for a permanent protective order, and to dismiss Mr. Primiani's other claims. The estate argued Mr. Primiani never served the personal representative with the petition and that he did not have standing to make claims on behalf of the estate because he was not the personal representative. The estate also moved to enforce the no-contest clause in the will.

The probate court dismissed Mr. Primiani's will contest for failure to timely personally serve the personal representative of his mother's estate. The court awarded attorney fees, including fees associated with litigating the improperly obtained medical records. The court further enforced the will's no-contest clause against Mr. Primiani, meaning his inheritance was reduced to one dollar.

Mr. Schneider wrote Mr. Primiani a letter dated March 13, 2016, explaining the court's decision. Mr. Schneider characterized the court's ruling as "grievous error." CP at 260. Mr. Schneider urged Mr. Primiani to appeal, offering to do the work free of charge. Mr. Schneider stated the no-contest clause should not have been enforced because the will contest was brought in good faith and with probable cause. Mr. Schneider also pointed out that good faith can be "established by reliance on legal advice," though that issue was "complicated" by Mr. Primiani's "status as co-counsel." *Id.*

In his letter, Mr. Schneider advised Mr. Primiani not to challenge the court's sanctions regarding the wrongly obtained medical records. Mr. Schneider pointed out that Mr. Primiani himself had wrongfully obtained his mother's records by serving a subpoena on Providence that misrepresented Mr. Primiani as "'co-counsel for the Decedent.'" CP at 261. Mr. Schneider claimed he had not been aware of Mr. Primiani's record request and expressed concern that Mr. Primiani's misrepresentation that he represented his

mother's estate could result in not only a finding of bad faith, but also civil liability.

Mr. Primiani responded to Mr. Schneider's letter with an e-mail. He agreed with Mr. Primiani's criticisms of the court's enforcement of the no-contest clause. However, he disagreed that he had engaged in improper conduct regarding the medical records. Mr. Primiani claimed he had explained his status to Providence, and that he had obtained Mr. Schneider's permission before requesting the records. Mr. Primiani noted, "there is also precedent that one cannot be charged with bad faith if they are acting on advice of counsel." CP at 264.

Mr. Primiani appealed the probate courts will contest decision. In a 2017 unpublished decision, we affirmed dismissal of the will contest and the imposition of sanctions, but remanded for findings as whether good faith and probable cause were defenses to the no-contest clause. *In re Estate of Primiani*, No. 34200-0-III, slip op. at 1 (Wash. Ct. App. May 2, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/342000_unp.pdf.

On remand, the matter was decided based on offers of proof. After receiving the parties briefing and exhibits, the probate court determined Mr. Primiani did not possess any admissible evidence in support of his position. The court then took enforcement of the no-contest provision under advisement.

While the issue of enforcement remained pending, Mr. Primiani notified Mr. Schneider he was researching a potential legal malpractice claim against Mr. Schneider. Mr. Schneider moved for leave of court to withdraw. In response to Mr. Primiani's objection to withdrawal, Mr. Schneider argued withdrawal would not be prejudicial since Mr. Primiani served as co-counsel and had been actively participating in the litigation. The court granted Mr. Schneider's motion.

Mr. Primiani obtained new counsel and filed for reconsideration of the court's good cause determination. Mr. Primiani argued the court applied the wrong standard in making its findings because it failed to consider whether Mr. Primiani had relied on Mr. Schneider's advice in contesting the will. Division Two of his court held in *In re Estate of Mumby*, 97 Wn. App. 385, 393, 982 P.2d 1219 (1999), that reliance on advice of counsel after fully and fairly laying out material facts is a method of demonstrating good faith and probable cause.

Along with his reconsideration motion, Mr. Primiani filed a declaration in which he asserted that he had fully and fairly laid out the material facts to Mr. Schneider and relied on Mr. Schneider's counsel. The court entertained the reconsideration motion and denied it on the merits. The court noted that many of the documents on file with the court referred to Frank Primiani as co-counsel. The court determined that Mr. Primiani, a

licensed attorney, "did not rely on advice of his co-counsel when pursuing the will contest

and was not candid in his disclosures to his co-counsel regarding the undue influence

claims." CP at 564.

Mr. Primiani again appealed. In a 2019 unpublished decision, we affirmed. *In re*

*Estate of Primiani*, No. 35845-3-III (Wash. Ct. App. May 30, 2019) (unpublished),

https://www.courts.wa.gov/opinions/pdf/358453_unp.pdf. Our prior opinion rejected Mr.

Primiani's argument that he relied on Mr. Schneider in filing the will contest. Our

decision turned on the assessment that Mr. Primiani could not show reliance on Mr.

Schneider's counsel given the two men operated as co-counsel throughout the litigation.

*Mr. Primiani's legal malpractice suit*

After issuance of our second unpublished opinion, Mr. Primiani filed a complaint

against Steven Schneider for legal malpractice and breach of fiduciary duty. Mr. Primiani

claimed Mr. Schneider provided deficient legal assistance by not perfecting timely service

of the will contest and filing it without sufficient factual basis; improperly obtaining

Maria Primiani's medical records; and by continuing to represent Mr. Primiani after a

conflict of interest arose regarding whether the no-contest clause should not be enforced

because Mr. Primiani relied in good faith on Mr. Schneider's advice.

No. 38125-1-III
*Primiani v. Schneider*

Following discovery, the trial court granted Mr. Schneider's motion for summary judgment and dismissed Mr. Primiani's claims. Mr. Primiani timely appeals.

ANALYSIS

*Standard of review*

Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. CR 56(c). All facts and inferences are considered in the light most favorable to the nonmoving party. *Ashcraft v. Wallingford,* 17 Wn. App. 853, 854, 565 P.2d 1224 (1977), *adhered to on recons.*, 579 P.2d 384 (1978).

*Malpractice claim*

A claim of legal malpractice requires proof of the following elements: (1) the existence of an attorney-client relationship giving rise to a duty of due care, (2) an act or omission in breach of the duty, (3) damages, and (4) proximate cause. *Sherry v. Diercks*, 29 Wn. App. 433, 437, 628 P.2d 1336 (1981). The contested issue in this case pertains to the last element, causation.

Causation in this case turns on Mr. Primiani's role in the probate litigation. Mr. Schneider argues Mr. Primiani served as co-counsel, knew the risks of pursuing a will contest, and did not detrimentally rely on Mr. Schneider's advice. Mr. Primiani

10

counters that he only served as associated counsel. He never filed a notice of appearance or signed any pleadings. And he merely performed minor legal tasks, akin to a paralegal. According to Mr. Primiani, he is unfamiliar with probate law and relied on Mr. Schneider's expertise. Mr. Primiani claims he would not have gone forward with the will contest had Mr. Schneider voiced the same kinds of concerns as Mr. Edwards.

Based on our review of the record, there are material issues of fact on the issue of causation. The record contains evidence from which a reasonable fact finder could conclude that Mr. Primiani deferred to Mr. Schneider's decision-making and that Mr. Schneider never advised Mr. Primiani against filing the will contest. The March 13, 2016, letter from Mr. Schneider to Mr. Primiani indicates Mr. Schneider actively promoted the will contest and believed strongly in the merits of Mr. Primiani's case. We know of no authority that precludes a client from prevailing on a legal malpractice claim simply because the client is a licensed attorney and might have had more reason to question the advice of counsel.

*Collateral Estoppel*

Mr. Schneider argues collateral estoppel precludes trial in this case because the issue of whether Mr. Primiani detrimentally relied on Mr. Schneider was decided in the prior litigation. There are four elements of collateral estoppel: (1) the party estopped

was a party to the prior action, (2) issue decided in the prior adjudication is identical to the current issue, (3) the prior adjudicated ended with a final judgment on the merits, and (4) application of estoppel will not work an injustice. *Shoemaker v. City of Bremerton*, 109 Wn.2d 504, 507, 745 P.2d 858 (1987).

Our focus here is on the fourth element, whether application of collateral estoppel would work an injustice. Citing *Barr v. Day*, 124 Wn.2d 318, 325, 879 P.2d 912 (1994), Mr. Primiani argues that because Mr. Schneider represented him in the probate litigation, there was never a full and fair hearing on whether Mr. Primiani detrimentally relied on Mr. Schneider. We agree.

Mr. Schneider represented Mr. Primiani for the bulk of the probate court proceedings. During that time, a key issue was whether Mr. Primiani had a defense to disinheritance under the no-contest clause of his mother's will. One possible defense was to argue that the will contest was based on good faith and probable cause. The other possibility was to claim Mr. Primiani had brought the will contest in reliance on the advice of counsel. Mr. Schneider operated under a conflict of interest in pursuing the second claim. As this current case makes plain, establishing that Mr. Primiani pursued the will contest on advice of counsel, despite the absence of probable cause, would be tantamount to proving that Mr. Schneider had provided deficient advice. Mr. Primiani

did not have a full and fair opportunity to develop the issue of whether Mr. Schneider had provided deficient advice while Mr. Schneider represented him during the probate proceeding.

We recognize that there was a short period of time in the probate case when Mr. Primiani was not represented by Mr. Schneider. Mr. Schneider withdrew from representation on October 20, 2017, and new counsel filed a motion for reconsideration on Mr. Primiani's behalf on November 3, 2017. But participation by new counsel during the brief time that the matter was pending reconsideration was not sufficient to allow Mr. Primiani to investigate and present a case of reliance on Mr. Schneider. We agree with Mr. Primiani that it would be inequitable to preclude Mr. Primiani from opportunity to develop his claims against Mr. Schneider based on the limited opportunity for conflict-free litigation that occurred in 2017.

*Remaining issues*

Mr. Primiani claims he is entitled to summary judgment as to whether Mr. Schneider breached the standard of care when he obtained Ms. Primiani's medical records from Providence and incurred $14,788.74 in sanctions. We disagree. Issues of fact remain regarding whether Mr. Primiani contributed to the wrongfully obtained

records by misrepresenting himself as counsel for his mother's estate. This dispute is not amenable to summary judgment.

Mr. Primiani also asks for an advisory opinion as to issues that may come up on remand regarding expert witnesses and damages. We decline this request. The issues raised by Mr. Primiani are fact-specific and must be resolved by the trial court in the first instance.

## CONCLUSION

The order granting Mr. Schneider's motion for summary judgment is reversed. This matter is remanded for further proceedings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Staab, J.