[No. 3759. Decided March 12, 1901.]

THE STATE OF WASHINGTON, *Respondent*, v. SUSAN HALL,
*Appellant*.

ARSON — VALIDITY OF STATUTE — PLURAL SUBJECTS EMBRACED IN ONE
ACT.

Laws 1895, p. 173, defining the crimes of arson and attempted
arson ,and providing a punishment for each, does not violate art.
2, § 19, of the constitution, which provides that "No bill shall em-
brace more than one subject," since arson and attempted arson
are sufficiently connected to permit legislation with reference
thereto to be embodied in one act.

JUROR — QUALIFICATIONS — SERVICE ON JURY WITHIN PREVIOUS YEAR.

Bal. Code, § 4748, which makes service upon a jury within the
previous year a ground for challenge, does not render one incom-
petent to serve as a juror, in the absence of a challenge.

NEW TRIAL — DISCRETION OF COURT — FALSE ANSWERS BY JUROR.

The refusal of the court to grant a new trial on the ground that
a juror had testified falsely on his *voir dire* as to having formed
an opinion of guilt previous to the trial cannot be regarded as
an abuse of discretion merely from the fact that two persons
make affidavit thereto in opposition to the affidavit of the juror
alone.

Appeal from Superior Court, Walla Walla County.—
Hon. THOMAS H. BRENTS, Judge. Affirmed.

*T. P. & C. C. Gose,* for appellant.

*Oscar Cain,* Prosecuting Attorney, for the State.

PER CURIAM.—The appellant was informed against
by the prosecuting attorney of Walla Walla county for
the crime of arson, and upon a trial before the court and
a jury a verdict of guilty was returned against her. From
the judgment and sentence pronounced upon the verdict,
she appeals to this court.

It is assigned that the court erred in defining the
crime of arson in his instructions to the jury. This is

based, not upon the instruction itself, but upon the statute; the contention being that the statute defining the crime of arson, from which the instruction was taken, is unconstitutional and void, because in violation of § 19, art. 2, of the state constitution, which provides, "No bill shall embrace more than one subject, and that shall be expressed in the title." The statute in question (Session Laws 1895, p. 173) is entitled, "An act to define and punish the crime of arson and attempted arson, and declaring an emergency;" and the body of the act defines the crime of arson and attempted arson, and provides a punishment for each. It is urged that there is no such connection between the subject-matter of the one and the subject-matter of the other as to permit them to be embodied in one act. But we cannot think the act falls within the rule contended for. The general rule is that if the matters embraced in a statute have congruity, or are naturally connected with each other, or are cognate and germane to each other, the statute does not embrace more than one subject, and in determining these questions the constitution must not be so narrowly construed as to unnecessarily hamper or cripple legislation. It is also a general rule, applicable particularly in construing statutes with reference to their titles, that statutes must be held constitutional unless they are clearly void. Under these general principles, arson and attempted arson are sufficiently connected, we think, to permit legislation with reference thereto to be embodied in one act.

The record discloses that one of the jurors, who was called from the bystanders, when being examined upon his *voir dire* stated that he had no knowledge of the facts of the case, and that he had not served on a jury within the preceding year. A motion for a new trial was filed, in support of which it was shown by affidavits that the juror had in fact been called from the bystanders and

served as a juror in a civil action tried in the same court some months before, but less than a year preceding the trial. Two affidavits were also filed in which the affiants swore that they were acquainted with the juror, and had a conversation with him in which he made statements tending to show that he had formed an opinion previous to the trial relative to the guilt of the appellant. The affidavits filed further show that neither the appellant nor her attorneys had knowledge of these matters at the time of the trial. In opposition to the motion the prosecutor filed the affidavit of the juror, in which the juror stated that he was not asked, while being examined on his *voir dire*, whether or not he had served on a jury within a year; that he had no acquaintance with, and did not know, either of the persons named in the affidavits who swore to the statements; that he did not make the statements attributed to him, either to them or to any one; and that he had not formed or expressed an opinion as to the guilt or innocence of the appellant prior to hearing the evidence on the trial. The trial court overruled the motion, and error is predicated thereon. It will be noticed that the statute (Ballinger's Code, § 4748) does not make service upon a jury within the previous year a disqualification, but only a ground for challenge; hence it cannot be said that the appellant was tried by a jury any member of which was incompetent by positive statute. It may be conceded that it is a sufficient ground for a new trial to show that one of the jurors had prejudged the case, and had, when questioned as to his opinions on *voir dire*, wilfully given false answers touching his condition of mind, or to show that a juror has given a wilfully false answer to any question proper to be asked him touching his qualifications to sit on the jury, provided the juror is accepted by the party without knowledge that his answers are false. But, before an appellate court will be warranted in overruling

17-24 WASH.

the judgment of the trial court ·refusing to grant a new trial on this ground, the proofs that wilfully false answers were made by the juror must be clear and convincing,— in fact so much so that the appellate court can say that the trial court abused its discretion in refusing to grant a new trial. The present record does not satisfy these requirements. Because the juror answered that he had not served on a jury during the preceding year, when in fact he had, does not necessarily imply that he was untruthful; nor does it even trend in that direction. Without the showing of anything more than the answer, and the fact that it was erroneous, the conclusion would be that the juror was guilty of a lapse of memory, or of misunderstanding the question asked him, rather than that he was guilty of wilful perjury. On the other question there is a square contradiction in the record. True, there are two witnesses on the one side, and the juror alone on the other.· But which ·side is to be believed depends so much on the character of the persons testifying that we cannot say the trial judge abused his discretion in believing the juror, and not the affiants.

The judgment is affirmed.