[No. 23887. Department Two. June 9, 1932.]

THE STATE OF WASHINGTON, *on the Relation of W. L. Seymour, Plaintiff*, v. THE SUPERIOR COURT FOR THURSTON COUNTY, D. F. WRIGHT, *Judge, Respondent*.[1]

*Patterson & Ross*, for relator.

*The Attorney General, E. W. Anderson, Assistant, John J. Sullivan*, and *Everett O. Butts*, for respondent.

MAIN, J.—The state, on the relation of W. L. Seymour, brought this action to restrain the secretary of state from filing and canvassing petitions in connection with what is known as initiative measure No. 62, generally referred to as the "game control bill." To the complaint, a demurrer was interposed and sus-

[1]Reported in 12 P. (2d) 394.

tained. The plaintiff refused to plead further, and elected to stand upon the complaint. A judgment was entered dismissing the action, and the case is brought here to review this judgment.

The facts alleged in the complaint, sufficient to present the question to be determined, may be summarized as follows: In 1921, what is known as the administrative code (chapter 7, Laws of 1921, p. 12, Rem. Comp. Stat., §§ 10759 *et seq.*) was passed. By section 2 of this act (Rem. Comp. Stat., § 10760) there were created ten departments of the state government, one of which was "the department of taxation and examination." In 1925, a law was passed which created and established a state tax commission which was to be known and designated as the "tax commission of the state of Washington." Chapter 18, Laws of 1925, p. 33 (Rem. 1927 Sup., § 11087-1). This act makes no reference to the act of 1921. By section 11, chapter 280, Laws of 1927, p. 683 (Rem. 1927 Sup., § 11087-11), the department of taxation and examination is specifically abolished. In 1929, the legislature amended section 2 of chapter 7 of the Laws of 1921, p. 12. Chapter 115, section 1, Laws of 1929, p. 246. By this act, there was created the department of highways, which had not been embodied in the previous act. No mention is made in the latter act of a department of taxation and examination. Section 1 of initiative measure No. 62, which is the one before us, amends section 2 of chapter 7 of the Laws of 1921, and adds the "department of game." In this act, no mention is made of the act of 1925 or of 1927, which repealed the provision in the act of 1921 creating the department of taxation and examination, or of the act of 1929, which created the department of highways.

The legislative title of initiative measure No. 62 is as follows:

"An Act relating to the organization and administration of the state government, creating the department of fisheries, the department of game, and certain officers connected therewith and defining the powers and duties thereof, and amending Chapter 7 of the laws of 1921, Chapter 178 of the laws of the extraordinary session of 1925, and repealing certain acts and parts of acts in relation thereto."

Upon the filing of the measure, the *Attorney General* gave it a ballot title as follows:

"Initiative Measure No. 62, entitled: An Act relating to wild animals, wild birds and game fish, and providing for state control and regulation thereof; creating a state department of game, providing for the appointment of certain officers in connection therewith and defining their powers and duties; amending Chapter 7, Laws of 1921, and Chapter 178, Laws Extraordinary Session of 1925, and repealing certain acts and parts of acts."

The relator brought the action upon the ground that the ballot title does not express and give a true and impartial statement of the purpose of the measure, and for this reason seeks to prevent the measure going on the ballot because, as he alleges, the voters will be misled by the ballot title.

The controlling question is whether the ballot title prepared by the *Attorney General* expresses and gives a true and impartial statement of the purpose of the measure. Without so deciding, we shall assume that this court has jurisdiction to hear and determine this question.

Rem. Comp. Stat., § 5398, provides that, within ten days after an initiative measure shall be filed in the office of the secretary of state, the *Attorney General* shall prepare a ballot title of not to exceed one hundred words,

"  .  .  . which ballot title may be distinct from the legislative title of such measure, and shall express,

and give a true and impartial statement of the purpose of such measure, and shall not be intentionally an argument, or likely to create prejudice, either for or against the measure. . . ."

Relator argues that the ballot title is not a true and impartial statement of the purpose of initiative measure No. 62, because it fails to show that such measure will have the effect of repealing chapter 115 of the Laws of 1929, p. 246, and thus abolish the state highway department, and of repealing chapter 18, Laws of 1925, p. 33, and section 11, chapter 280, Laws of 1927, p. 683, and thus restore the department of taxation and examination. It may be admitted that, if initiative measure No. 62 will have this effect, then the ballot title does not conform to the statutory requirement and "express and give a true and impartial statement of the purpose of such measure."

In determining the intent of an act when it is passed by the legislature, resort may be had to the title. *State ex rel. Swan v. Taylor,* 21 Wash. 672, 59 Pac. 489; *State v. Hall,* 24 Wash. 255, 64 Pac. 153; *State v. Crothers,* 118 Wash. 226, 203 Pac. 74. This rule applies as well to an initiative measure as to a law enacted by the legislature. *Wallace v. Zinman,* 200 Cal. 585, 254 Pac. 946, 62 A. L. R. 1341; *Turnidge v. Thompson,* 89 Ore. 637, 175 Pac. 281; *Malloy v. Marshall-Wells Hardware Co.,* 90 Ore. 303, 173 Pac. 267, 175 Pac. 659, 176 Pac. 589.

Section 37 of Article II of the constitution of this state provides that no bill shall embrace more than one subject, and "that shall be expressed in the title." If initiative measure No. 62 should be construed as evidencing an intent to repeal chapter 115 of the Laws of 1929, p. 246, and thus abolish the highway department, and chapter 18, section 11 of the Laws of 1925, p. 33, and section 11, chapter 280, of the Laws of 1927, p.

683, and thus restore the department of taxation and examination, there is no indication in the legislative title to evidence such an intent, and to that extent it would not comply with the constitutional requirement. While the title speaks of the organization and administration of the state government, it then proceeds to state that it creates the department of fisheries and the department of game, and contains no intimation that it also creates a department of taxation and examination and abolishes the department of highways.

The language (the organization and administration of the state government), when considered in connection with what follows in the title enumerating the specific departments, is insufficient to cover the repeal of the intermediate acts of 1929, 1925 and 1927, above mentioned. The cases of *Anderson v. Whatcom County,* 15 Wash. 47, 45 Pac. 665, 33 L. R. A. 137; *Percival v. Cowychee & Wide Hollow Irrigation District,* 15 Wash. 480, 46 Pac. 1035; and *State v. Clark,* 43 Wash. 664, 86 Pac. 1067, support the holding that the title of the measure would not be sufficient if its intent was to abolish the state highway department and restore the department of taxation and examination. There is no mention in the legislative title or in the body of the act of either of those departments.

Since initiative measure No. 62 does not have for its purpose the abolishing of the highway department and the restoring of the department of taxation and examination, and does not have the legal effect of so doing, the ballot title prepared by the *Attorney General* correctly sets forth a true and impartial statement of the purpose of the measure.

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, and BEALS, JJ., concur.