[No. 43203.　En Banc.　January 7, 1975.]

JOHN A. GODFREY *et al., Petitioners,* v. THE STATE OF WASHINGTON *et al., Respondents.*

960

*Daniel F. Sullivan*, for petitioner Godfrey.

*Preston, Thorgrimson, Ellis, Holman & Fletcher*, by *J. Markham Marshall* and *Charles E. Peery*, for petitioner Nash.

*Slade Gorton, Attorney General*, and *Roger A. Gerdes, Assistant*, for respondent State.

*Robert Ward Freedman*, for respondent Berner.

*Ken Earl*, amicus curiae; *Frank August Peters, Inc., P.S.*, amicus curiae, on behalf of Washington Trial Lawyers Association; *Eugene H. Knapp, Jr.*, amicus curiae, on behalf of Washington Association of Defense Counsel.

STAFFORD, J.—Petitioner Godfrey moved for a summary

judgment that RCW 4.22.010 and .020[1] should be applied retroactively. We granted a writ of certiorari to review a pretrial order that the statute "applies prospectively only."

The facts of the automobile accident are not important to a resolution of the question. The sole issue is whether the trial court erred in holding that RCW 4.22.010 and .020 apply prospectively to causes of action having arisen prior to their effective date, but in which trials have been commenced subsequent thereto.

We hold the trial court erred. RCW 4.22.010 and .020 apply retrospectively to causes of action having arisen prior to the statute's effective date of April 1, 1974, but in which trials have begun subsequent thereto.

A review of our cases reveals that we have given retroactive application to statutes for two separate and distinct reasons. The first category are those statutes which relate to practice, procedure or remedies and do not affect a contractual or vested right. *Nelson v. Department of Labor & Indus.*, 9 Wn.2d 621, 115 P.2d 1014 (1941). Concerning the first class, procedural statutes usually apply to pending causes of action that do not affect contractual or vested rights or do not impose a penalty. *Nelson v. Department of*

---

[1] RCW 4.22.010 and .020 are derived from Laws of 1973, 1st Ex. Sess., ch. 138, § 1, which in its original form reads in pertinent part as follows:

"AN ACT Relating to civil procedure; creating a new chapter in Title 4 RCW; and declaring an effective date.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF WASHINGTON:

"NEW SECTION. Section 1. Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages caused by negligence resulting in death or in injury to person or property, but any damages allowed shall be diminished in proportion to the percentage of negligence attributable to the party recovering.

"NEW SECTION. Sec. 2. The negligence of one marital spouse shall not be imputed to the other spouse to the marriage so as to bar recovery in an action by the other spouse to the marriage, or his or her legal representative, to recover damages from a third party caused by negligence resulting in death or in injury to the person.

"NEW SECTION. Sec. 3. This act takes effect as of 12:01 a.m. on April 1, 1974."

*Labor & Indus., supra. See also Snow's Mobile Homes, Inc. v. Morgan,* 80 Wn.2d 283, 494 P.2d 216 (1972). Clearly the questioned statute does not impose a penalty. It is equally evident that it affects no contractual obligations between the parties litigant in this or any other normal tort action. In fact, respondent makes no such contention.

We also hold there is no vested right to a common-law bar to recovery that is provided by the affirmative defense of contributory negligence. *Peterson v. Minneapolis,* 285 Minn. 282, 173 N.W.2d 353, 37 A.L.R.3d 1431 (1969). A defendant has no vested right in a tort defense, the merits of which are not determined until a subsequent trial and upon which he did not and could not have relied at the time the accident happened. *Fussner v. Andert,* 261 Minn. 347, 361, 113 N.W.2d 355 (1961); *see also Gelbman v. Gelbman,* 23 N.Y.2d 434, 245 N.E.2d 192 (1969). Further, such a right does not rise to any higher status by the mere passage of time.

Although relied on by respondent herein, *Hammack v. Monroe St. Lumber Co.,* 54 Wn.2d 224, 339 P.2d 684 (1959) and *Nogosek v. Truedner,* 54 Wn.2d 906, 344 P.2d 1028 (1959) do not support the proposition that defendants have a *vested right* in the common-law bar to recovery afforded by the affirmative defense of contributory negligence. Those two opinions dealt with the *statutory* abolition of a prior *statutory* immunity (*Hammack*) or defense (*Nogosek*). At best they stand for no more than that a defendant may be said to have a vested right in a purely *statutory* defense (1) *if it can be said that there was reliance on that statutory defense at the time of the tort,* or (2) *that the statutory defense negates the cause of action.* Clearly, in the case at hand, neither situation is involved. We are concerned solely with a common-law *bar to recovery* initiated by a common-law affirmative defense.

Due process does not prevent a change in the common law as it previously existed. There is neither a vested right in an existing law which precludes its amendment or repeal

nor a vested right in the omission to legislate on a particular subject. *Henry v. McKay*, 164 Wash. 526, 3 P.2d 145, 77 A.L.R. 1025 (1931); *see also Gelbman v. Gelbman, supra.* The Fourteenth Amendment does not curtail a state's power to amend its laws, common or statutory, to conform to changes in public policy. *Henry v. McKay, supra; Shea v. Olson,* 185 Wash. 143, 53 P.2d 615, 111 A.L.R. 998 (1936); *Overlake Homes, Inc. v. Seattle-First Nat'l Bank,* 57 Wn.2d 881, 360 P.2d 570 (1961); *Gelbman v. Gelbman, supra.* A vested right, entitled to protection from legislation, must be something more than a *mere expectation* based upon an anticipated continuance of the existing law; *it must have become a title,* legal or equitable, *to the present or future enjoyment of property, a demand, or a legal exemption from a demand by another.*

In the case at hand, the legislature did not, by declaring contributory negligence no longer a bar to recovery in an action to recover damages caused by negligence, create a new *liability* where none previously existed. Rather, the legislature permitted *recovery* previously denied, after liability had been established. In this regard *Fussner v. Andert, supra,* is of interest. *Fussner* dealt with a death-by-wrongful-act statute, applying it retroactively. In doing so the Minnesota Supreme Court held that the statute was remedial in nature and thus should be construed liberally in light of current social conditions. The court commented that no contract or property laws were involved under which the parties would have planned their conduct in advance in accordance with existing law. At page 361, the court said further: "[W]e are of the view that the same considerations do not exist with reference to negligence actions, *particularly . . . where the conduct of the defendant was in nowise controlled by the existing law of the state at the time the accident happened.*" (Italics ours.) *See also Gelbman v. Gelbman, supra.*

Turning to the instant case, it must be noted that respondent does not argue that it, or any other defendant, would

have relied on the common-law bar to recovery provided by contributory negligence when committing the alleged tort of negligence. It almost goes without saying that the existence or lack of such an affirmative defense has no effect on the every-day conduct of individuals. Defendants do not act less negligently or more so because of the presence or absence of an affirmative defense of contributory negligence. One cannot have a vested right in a tort defense the merits of which cannot be determined until trial and upon which he does not and cannot rely in the initial injury to a plaintiff. Thus, we hold there is no vested right in the affirmative defense of contributory negligence.

██ The nature of contributory negligence, as an affirmative defense, lends no support to respondent's claim of prospective application. Contributory negligence does not exist in a vacuum. Such affirmative defense presupposes negligence on the part of the defendant. If a defendant is not negligent and a plaintiff suffers injury as a result of his own negligence, it can only be said that plaintiff's injury was caused by his own *primary* negligence, not his contributory negligence. In other words, contributory negligence is a matter of affirmative *defense* that comes into being only after plaintiff has first established defendant's negligence and liability. Contributory negligence can exist only as a coordinate or counterpart of a defendant's negligence. *Jackson v. McBride*, 270 N.C. 367, 154 S.E.2d 468 (1967); *see also Farrow v. Ostrom*, 10 Wn.2d 666, 117 P.2d 963 (1941); *Wines v. Engineers Ltd. Pipeline Co.*, 51 Wn.2d 487, 319 P.2d 563 (1957); *Gaines v. Northern Pac. Ry*, 62 Wn.2d 45, 380 P.2d 863 (1963). If, however, a defendant establishes plaintiff's contributory negligence, the defendant is *not thereby relieved of liability* for the consequences of his own negligence. Rather, the plaintiff is simply *barred from recovery.*

The statute under consideration indicates nothing to the contrary. It does not abrogate the defense that a plaintiff's own negligence contributed to his own injuries or damages

(for want of a better term, known as contributory negligence). Rather, it only holds that a plaintiff's contributory negligence, if any, *is not an inexorable bar to recovery* in all cases. Recovery will, however, be diminished in proportion to the percentage of negligence attributed to the party recovering. As thus worded, the statute changes the law of contributory negligence only to the extent that a plaintiff's own negligence shall no longer negate his right of recovery despite proof of a defendant's negligence and liability. Under our statutory concept of "pure" comparative negligence, recovery may range from the most miniscule amount to near total recovery. In short, the statute changes the factor of contributory negligence from a *total bar to recovery* to a factor that *mitigates* damages. *Natchez & S.R.R. v. Crawford,* 99 Miss. 697, 55 So. 596 (1911). Whether characterized as contributory negligence or comparative negligence, however, the burden of pleading and proving the affirmative defense still rests on the defendant and the same causal connection must be shown. Nevertheless, if these matters are established by a defendant (whether under contributory or comparative negligence), plaintiff's cause of action is not abolished. Only his *recovery* is proportionately diminished under pure comparative negligence.

Consequently, RCW 4.22.010 does not change *liability* for the consequences of negligence. It only substitutes a concept of partial recovery for the common-law total bar to recovery. In so doing, the legislature has provided a more complete, workable and effective *remedy* that is retroactive in effect. *Nelson v. Department of Labor & Indus., supra; see also In re Estate of Stoddard,* 60 Wn.2d 263, 373 P.2d 116 (1962); *Tellier v. Edwards,* 56 Wn.2d 652, 354 P.2d 925 (1960); *Poston v. Clinton,* 66 Wn.2d 911, 915-16, 406 P.2d 623 (1965).

█ As mentioned, there is another category of statutes given retroactive effect although they fall outside the sphere of "practice, procedure and remedy." While statutes

are generally presumed to operate prospectively, there is an exception for those statutes in which the legislature has indicated some intent to the contrary and which do not interfere with vested rights or impose a penalty. *Gillis v. King County*, 42 Wn.2d 373, 255 P.2d 546 (1953); *Snow's Mobile Homes, Inc. v. Morgan, supra.* In such event we are not restricted to ascertaining legislative intent from the express words of the statute. It may be obtained by viewing the statute's purpose and the method of the statute's enactment. *Snow's Mobile Homes, Inc. v. Morgan, supra* at 291.

■ With this second category of legislation in mind, we note the legislature entitled the statute "AN ACT Relating to *civil procedure*." Laws of 1973, 1st Ex. Sess., ch. 138. (Italics ours.) While such a legislative title is not absolutely determinative of whether a statute is in fact procedural, it is indicative of the legislature's intent and may be properly considered as such. *McKenzie v. Mukilteo Water Dist.*, 4 Wn.2d 103, 102 P.2d 251 (1940); *State ex rel. Seymour v. Superior Court*, 168 Wash. 361, 12 P.2d 394 (1932); *see also State v. Crothers*, 118 Wash. 226, 203 P. 74 (1922); *State v. Lundell*, 7 Wn. App. 779, 503 P.2d 774 (1972); *State v. Seger*, 1 Wn. App. 516, 463 P.2d 185 (1969).

As an aid to interpretation, petitioner argues the statute's delayed effective date, provided in section 3, is indicative of a legislative intent that the statute be applied retroactively. It is urged that the legislature must have had good reason for delaying the effective date, suggesting that it is not only consistent with but virtually compelled by retroactive operation of the statute. The argument points out that the statutory change in the manner of recovery required rethinking by both the bench and bar. Time was needed to provide seminars and workshops on the practical application of the new concept of recovery. It was even necessary to consider and formulate new jury instructions prior to the statute's effective date. Such, it is said, would hardly have been compelled by prospective operation of the statute.

On the other hand, respondent contends the effective date is clearly indicative of an intent that the statute should be prospective in its application. In support thereof the statute's meager, but unenlightening, legislative history is set out followed by an argument that it indicates an intent of *future reform* rather than retrospective operation.

Both arguments are interesting, but neither is persuasive. The existence of an "effective date" is clear. But, whether the date has significance one way or the other is *not* clear. The most that can be said is that the arguments leave us about where we began. Nothing is resolved by them. Thus, we must turn elsewhere for indications of legislative intent.

Another factor that must be considered in determining legislative intent is the purpose of the statute itself. *Pape v. Department of Labor & Indus.*, 43 Wn.2d 736, 264 P.2d 241 (1953). The affirmative defense of contributory negligence is a relatively recent development in the law of negligence.[2] Criticism of a complete bar to recovery was not long in coming and has continued to the present time.[3]

Dissatisfaction with the oversimplistic harsh concept has led many legislatures to adopt some form of comparative negligence statute in recent years. Thus, the State of Washington does not stand alone in its change of public policy.

It would be incongruous indeed to frustrate this obvious legislative change in policy by adopting a position that would permit the rejected bar to recovery to continue in operation for years to come. Yet, such would be the result if we were to hold the operation of RCW 4.22.010 and .020 to be prospective only. For example, it is clear that if a minor child, insane person, one who is imprisoned on a criminal charge, or in execution under sentence of a court for a term less than his natural life were the victim of a negligent act prior to April 1, 1974, such person would be

---

[2] The earliest case is *Butterfield v. Forrester*, 103 Eng. Rep. 926 (1809).

[3] Lowndes, *Contributory Negligence*, 22 Geo. L.J. 674 (1934); Green, *Illinois Negligence Law*, 39 Ill. L. Rev. 36 (1944); Henry, *Why Not Comparative Negligence in Washington*, 5 Gonzaga L. Rev. 1 (1969).

entitled to bring his cause of action to trial within the period of statutory limitation after removal of his disability. RCW 4.16.190.[4] *This could be a matter of years.* The question is not *whether* such cases exist, but *how many*.

If, as we hold, the legislature intended the challenged statute to be retrospective in nature, there is no question whether the total bar to recovery has been abolished once and for all. Consequently, the minor, insane or others alluded to in the foregoing examples will be subject to the concept of comparative negligence. On the other hand, if we were to accept respondent's argument that the statute is prospective in operation this state would, for many years, face the probability of having litigants and our courts subjected to a dual system of recovery as these types of cases come to light. Such could hardly have been the intent or purpose of a legislature that clearly abolished contributory negligence as a bar to recovery.

We hold that sections 1 and 2 were intended to operate fully; that the statute was intended to be operative on the effective date set forth therein; and, that the statute was designed to apply to all causes of action having arisen during the applicable period of limitation prior to that date though trials may have been commenced thereafter, subject of course to applicable statutes of limitations.

We hold therefore that the legislature intended RCW 4.22.010 and .020 to operate retroactively. Accordingly, the statute applies to all causes of action having arisen during the applicable period of limitation prior to its effective date though trials based thereon may have been commenced thereafter. The pretrial order is reversed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

Petition for rehearing denied April 8, 1975.

---

[4]Insofar as time lapse is concerned, in suits by minors against the *state, see* RCW 4.92.100 and its application by *Cook v. State,* 83 Wn.2d 599, 604-06, 521 P.2d 725 (1974).