FILED
COURT OF APPEALS
DIVISION II

2015 AUG 11 AM 9: 08

STATE OF WASHINGTON

BY_____
            DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| SCOTT B. OSBORNE, as Personal Representative of the ESTATE OF BARBARA MESDAG, | No. 44766-5-II |
| Respondent, | |
| v. | |
| THE DEPARTMENT OF REVENUE OF THE STATE OF WASHINGTON, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — The Department of Revenue (Department) appealed a superior court order requiring it to issue a refund of principal estate tax overpayment and interest to the Estate of Barbara Mesdag (Estate). That order relied on our Supreme Court's opinion in *In re Estate of Bracken*, 175 Wn.2d 549, 290 P.3d 99 (2012). In response to *Bracken*, in 2013, the legislature amended the Estate and Transfer Tax Act, chapter 83.100 RCW, and made the change retroactive to the estates of decedents, like Mesdag, who died on or after May 17, 2005. Challenges to the amendment were considered by the Supreme Court in *In re Estate of Hambleton*, 181 Wn.2d 802, 809, 335 P.3d 398 (2014), *petition for cert. filed*, No. 14-1436 (U.S. June 5, 2015). We stayed this appeal pending the *Hambleton* decision, which issued on October 2, 2014. The Supreme Court upheld the validity of the 2013 amendment. *Hambleton*, 181 Wn.2d at 836.

The Department argues that the *Hambleton* opinion resolves this appeal in its favor and that the superior court's order should be reversed. The Estate argues that the *Hambleton* decision does not apply to this case because the Estate had a final judgment for which no lawful basis to appeal existed and because it had a vested right to its refund. In addition, the Estate argues that even if it owes the disputed principal tax, the additional tax was not due until the legislature

amended the law effective June 14, 2013; therefore, we should order the Department to refund the interest the Estate paid under protest, to pay interest on the interest paid under protest, and to pay interest on the principal tax paid under protest from the payment date until the amendment.

We hold that the 2013 amendment applies to the Estate because the Department's appeal of the superior court's order was pending at the time the amendment became effective and the Estate did not have a vested right to its refund that would have been impaired by the retroactive provisions of the amended statute. Further, Washington's Administrative Procedure Act (APA)[1] requires us to remand to the Department for determination of the interest issues. We reverse the superior court's order in the Estate's favor. We remand this case to the superior court with instructions for it to enter a judgment in the Department's favor on the principal tax issue and then remand the case to the Department for determination of the additional issues.

## FACTS

Barbara Mesdag died on July 4, 2007. On October 6, 2008, her Estate filed its Washington Estate and Transfer Tax Return, which included a deduction for qualified terminable interest property (QTIP)[2] included in the Estate's federal taxable estate. The Department disallowed the Estate's QTIP deduction and issued a deficiency notice for additional taxes owed on the value of the QTIP property. On February 26, 2010, the Estate paid the additional tax plus interest under

---

[1] Ch. 34.05 RCW.

[2] A QTIP trust is a testamentary trust that allows a deceased spouse to control the final disposition of the trust property, while giving the surviving spouse a life estate in the income or use of the trust property. *Hambleton*, 181 Wn.2d at 809, 811. The benefit of QTIP trusts is that trust property is not taxed when the first spouse dies; trust property is taxed only when the second spouse dies and the remainder beneficiaries become present interest holders. *Hambleton*, 181 Wn.2d at 809, 811.

protest. The Estate then applied for a tax refund. The Department denied the Estate's refund request with respect to the QTIP property.

The Estate petitioned the superior court for judicial review of the Department's denial of its refund. The parties jointly moved for a stay until the Supreme Court resolved *Bracken*. The court granted the motion. On October 18, 2012, *Bracken* issued and the court ruled in favor of the taxpayers. 175 Wn.2d at 575-76. On February 15, 2013, the Estate moved for judgment on the pleadings, and argued that *Bracken* resolved all issues in its favor. Three days later, legislation was introduced that amended the definitions of "transfer" and "Washington taxable estate" to expressly include QTIP property in the Washington taxable estate of a decedent. *See* LAWS OF 2013, 2d Spec. Sess., ch. 2, § 2. The legislation contained an express retroactivity clause that applied the amendment to estates of decedents, who died on or after May 17, 2005. *See* LAWS OF 2013, 2d Spec. Sess., ch. 1, § 1.

The Department opposed the Estate's motion for judgment on the pleadings and argued that the superior court should continue to stay the action so the legislature could consider the fiscal impact of *Bracken*, and because our Supreme Court should overrule *Bracken*. The superior court refused to stay the action and granted the Estate's motion, ordering the Department to immediately refund the Estate's principal overpayment of estate tax and interest.

On April 19, 2013, the Department appealed the superior court's order. The Estate immediately moved to dismiss the appeal under RAP 18.9(c), alleging that the appeal was frivolous and filed solely for the purpose of delay. On May 29, our commissioner denied the motion, and ruled that this court could not determine whether the appeal is "solely for the purpose of delay" without being able to review the Department's brief. Commissioner's May 29, 2013 ruling. We subsequently denied the Estate's motion to modify the commissioner's ruling. When

3

we ruled on the Estate's motion to modify, the pending legislation had been signed into law. On June 14, 2013, the amendment took effect. LAWS OF 2013, 2d Spec. Sess., ch. 2, § 14.

Our Supreme Court considered challenges to the amendment in *Hambleton*, 181 Wn.2d 809. We stayed this case pending the Court's ruling in *Hambleton*. *Hambleton* upheld the retroactive application of the 2013 amendment. 181 Wn.2d at 836-37. We lifted the stay and ordered the parties to file additional briefing on the applicability of the *Hambleton* decision. The Department argues that the *Hambleton* opinion resolves this appeal in its favor. The Estate disagrees and argues that the *Hambleton* decision does not apply to this case because the Department had no lawful basis to appeal the superior court's order and the Estate had a "vested right" to a refund.

## ANALYSIS

The Estate argues that the 2013 amendment to the Estate and Transfer Tax Act should not apply to this case because the Estate had a final judgment not subject to appeal under existing law. The Estate also argues that because its right to a refund had vested, retroactive application of the 2013 amendment would violate due process. We disagree.

In addition, the Estate argues that even if the amendment applies, the Estate did not owe the disputed tax until the amendment became law. Therefore, the Estate urges us to order the Department to refund the interest the Estate paid prior to the change in the law, and to order the Department to pay interest on the collected interest and interest on the principal tax collected before it was due. The APA requires us to remand the interest issues to the agency for determination.

4

## I.    STANDARD OF REVIEW

The superior court granted the Estate's motion for judgment on the pleadings. In reviewing such an order, we examine the pleadings "to determine whether the claimant can prove any set of facts, consistent with the complaint, that would entitle the claimant to relief." *Parrilla v. King County*, 138 Wn. App. 427, 431, 157 P.3d 879 (2007). Here, the Department notes that the motion should have been treated as one for summary judgment because the parties presented matters outside the pleadings to the superior court, *e.g.*, the pending legislation. Summary judgment is appropriate where, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Loeffelholz v. Univ. of Wash.*, 175 Wn.2d 264, 271, 285 P.3d 854 (2012).

Here, the superior court's decision to grant judgment on the pleading rather than summary judgment does not affect the outcome of this appeal. In a tax case, we review a superior court's legal conclusions de novo. *Bracken*, 175 Wn.2d at 562; *Home Depot USA, Inc. v. Dep't of Revenue*, 151 Wn. App. 909, 916, 215 P.3d 222 (2009).

## II.    APPLICABILITY OF 2013 AMENDMENT

### A.    Final Judgment

The Estate argues that the retroactive amendment is inapplicable because the superior court's judgment ordering a refund was final. The Estate's argument is predicated on its allegation that it had a judgment for the refund amount that should have been final but for the Department's frivolous appeal filed solely for the purpose of delay.

*Hambleton* rejected a similar argument. 181 Wn.2d at 835-36. The Hambleton Estate argued that the superior court's ruling was final at the time the legislature enacted the legislation, and therefore, the amendment should not apply to it. *Hambleton*, 181 Wn.2d at 835. The

5

Hambleton Estate arrived at this conclusion by arguing that the Department had no basis in law to appeal the order granting summary judgment because the Department appealed the order before the amendment was enacted. *Hambleton*, 181 Wn.2d at 835-36. The Supreme Court found the Hambleton Estate's reasoning unpersuasive:

> Generally, "[w]hen a new law makes clear that it is retroactive, an appellate court must apply that law in reviewing judgments still on appeal that were rendered before the law was enacted, and must alter the outcome accordingly." [*Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 226, 115 S. Ct. 1447, 131 L. Ed. 2d 328 (1995)]. Therefore, despite the existence of a "final" trial court ruling, retroactive amendments may apply to cases pending on appeal.
>
> A party may appeal final trial court judgments. RAP 2.2(a)(1). However, parties may not frivolously appeal or appeal simply for purposes of delay. RAP 18.9(c). Appellate courts will, on motion from the opposing party, dismiss frivolous appeals and appeals brought for purposes of delay. RAP 18.9(c).
>
> Here, the trial court entered its order granting summary judgment on April 19, 2013 and [the Department] filed a notice of appeal on May 16, 2013. The estate of Hambleton did not move under RAP 18.9(c) to dismiss the appeal, and the appeal was still pending when the legislature enacted the 2013 amendment. Therefore, the retroactive amendment applies to the case.

*Hambleton*, 181 Wn.2d at 836.

Here, the Estate acknowledges that the Supreme Court rejected a similar argument in *Hambleton*, but it argues that this case is distinguishable on its facts from *Hambleton*. Unlike in *Hambleton*, here the Estate moved to dismiss the Department's appeal under RAP 18.9(c). The Estate argued that the appeal was frivolous and filed solely for the purpose of delay. Our commissioner denied the Estate's motion to dismiss. The Estate moved to modify the commissioner's ruling, but we denied that motion. The Estate argues that by filing the motion to dismiss, it "satisfied its necessary procedural predicate to being able to now argue [that the Department] had no legitimate basis for its appeal when it was filed, rendering the refund judgment

in the Estate's favor *final* and not subject to [the retroactive amendment]." Supp. Br. of Resp't at 11.

RAP 18.9(c) provides that we "will, on motion of a party, dismiss review of a case . . . if the application for review is frivolous, moot, or solely for the purpose of delay." An appeal is frivolous if, considering the entire record, it presents no debatable issues upon which reasonable minds might differ and it is so devoid of merit that there is no reasonable possibility of reversal. *In re Guardianship of Wells*, 150 Wn. App. 491, 504, 208 P.3d 1126 (2009).

The Estate argues that the Department's appeal was solely for the purpose of delay because its only aim was to prevent the judgment from becoming final before the legislature enacted the amendment. The Department argues that its appeal was not frivolous because it had a good-faith belief that *Bracken* was wrongly decided and should be overruled by the Supreme Court and that the legislature would amend the controlling law based on pending legislation.

We agree with the Department that its appeal was not frivolous when filed because the Department made a good-faith argument for overruling *Bracken*. The Department argued that *Bracken* should be overruled at every opportunity. It also noted that it may request a transfer to the Supreme Court under RAP 4.4. Furthermore, the Department anticipated "that the controlling law may be retroactively amended by the Washington Legislature during the 2013 legislative session." Department's Opposition to Motion to Dismiss (filed May 13, 2013) at 4. As noted in its response to the motion to dismiss, legislation had already been introduced. Under these circumstances, we conclude that the Department's appeal was not frivolous or filed solely for the purposes of delay.

The Estate urges us to hold that the judgment in this case should be deemed final as of the date the superior court ordered the refund. But the Estate does not cite persuasive authority for

this proposition[3] and we decline its invitation. "'Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.'" *State v. Logan*, 102 Wn. App. 907, 911 n.1, 10 P.3d 504 (2000) (quoting *DeHeer v. Seattle Post–Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962)). We cannot ignore the fact that because of the appeal, the judgment was not final. Accordingly, we reject the Estate's final judgment argument.

    B.    Due Process/Vested Right

The Estate argues that applying the retroactive amendment violates due process by depriving the Estate of its vested right to a refund. We disagree.

A party alleging a due process violation must first establish a legitimate claim of entitlement to the life, liberty, or property at issue. *Willoughby v. Dep't of Labor & Indust.*, 147 Wn.2d 725, 732, 57 P.3d 611 (2002). "'A statute may not be applied retroactively to infringe a vested right.'" *Hambleton*, 181 Wn.2d at 828 (quoting *In re Pers. Restraint of Carrier*, 173 Wn.2d 791, 810, 272 P.3d 209 (2012)).

> "This notion finds root in the due process clauses of the Fifth and Fourteenth Amendments. While due process generally does not prevent new laws from going into effect, it does prohibit changes to the law that retroactively affect rights which vested under the prior law. . . .

---

[3] The Estate relies on *Hambleton*, but *Hambleton* does not support it. The Estate relies entirely on the Supreme Court having mentioned that the Hambleton Estate did not file a motion to dismiss the appeal. *See Hambleton*, 181 Wn.2d at 836. The Supreme Court referred to RAP 18.9(c) to explain that a mechanism exists for litigants to seek dismissal of frivolous appeals. The Hambleton Estate did not take advantage of it, and thus, the appeal was still pending. *Hambleton*, 181 Wn.2d at 836. Here, the Estate used RAP 18.9(c), but it was not successful in having the appeal dismissed; thus, the appeal was still pending. The dispositive fact in *Hambleton* was that the appeal was still pending when the legislature amended the statute. And the same is true here.

> [A] vested right, entitled to protection from legislation, must be something more than a mere expectation based upon an anticipated continuance of the existing law; it must have become a title, legal or equitable, to the present or future enjoyment of property, a demand, or a legal exemption from a demand by another."

*Hambleton*, 181 Wn.2d at 828-29 (second alteration in original) (quoting *Carrier*, 173 Wn.2d at 811 (quoting *Godfrey v. State*, 84 Wn.2d 959, 963, 530 P.2d 630 (1975))). It is undisputed that under the amended tax statutes, the QTIP property at issue must be included in the Estate's taxable estate. *See* RCW 83.100.020(14), (15); *Hambleton*, 181 Wn.2d at 809. Therefore the Department does not owe the Estate a refund for taxes it paid on the QTIP property. We reverse the superior court's order and remand to the superior court for entry of judgment in the Department's favor on the principal tax issue.

III.    INTEREST ISSUES

The Estate argues that even if it is not entitled to a refund of any of the principal estate tax paid under protest, the tax attributable to the QTIP property was not *due* until the legislature amended the law on June 14, 2013. Therefore, the Estate urges us to order the Department to refund the interest paid under protest by the Estate, to pay interest on the interest paid under protest, and to pay interest on the principal tax paid under protest from the payment date until the effective date of the amendment. The Department argues that we should not address these interest issues because they were not raised before the agency. We conclude that the Estate is entitled to raise these new interest issues, but it must first present its arguments and requests for interest to the Department for its consideration.

Generally, under the APA, issues not raised before the agency may not be raised on appeal. RCW 34.05.554. However, a party may raise a new issue on appeal if "[t]he interest of justice would be served by resolution of an issue arising from . . . [a] change in controlling law occurring

9

after the agency action." RCW 34.05.554(1)(d)(i). Under those circumstances, "[t]he court shall remand to the agency for determination." RCW 34.05.554(2).

Here, the interest issues raised in the Estate's supplemental brief were not presented to the Department.[4] But justice would be served by resolving the interest issues, which arose from a retroactive change in law after the Department denied the Estate's refund request. Therefore, once the superior court enters judgment in favor of the Department on the principal tax issue, we instruct the superior court to remand this case to the Department for determination of the interest issues raised in the Estate's supplemental brief.

IV.    ATTORNEY FEES

The Estate requests reasonable attorney fees and costs under RAP 18.9 and RCW 4.84.185 for defending a frivolous appeal. An action is frivolous if, considering the action in its entirety, it cannot be supported by any rational argument based in fact or law. *Dave Johnson Ins., Inc. v. Wright*, 167 Wn. App. 758, 785, 275 P.3d 339 (2012). The Department successfully appealed the superior court's judgment ordering it to refund taxes paid on the Estate's QTIP property. Therefore, this action was not frivolous, and we deny the Estate's attorney fee request.

We reverse the superior court's order in the Estate's favor, and remand to the superior court with instructions for it to enter a judgment in the Department's favor on the principal tax issue and then remand the case to the Department for determination of the additional issues.

---

[4] The Estate requested that the Department refund the tax and interest paid and that it pay interest on those amounts, based on its argument that the principal tax was not owed and would be refunded. The Estate now requests the Department (1) refund the interest paid, (2) pay interest on the interest paid, and (3) pay interest on the principal tax paid despite that the principal tax is owed and will not be refunded. Because of the fundamentally different underlying bases for relief, the interest issues the Estate raised on appeal constitute new issues that it must present to the Department.

44766-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, J.

Johanson, C.J.

11