
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| ALLEN DENTAL LABORATORIES, INC., a Washington corporation, and ANDON D. ALLEN, an individual, | ) ) ) ) | No. 75905-1-I |
| Appellants, | ) ) | |
| v. | ) ) | |
| WASHINGTON STATE HEALTH CARE AUTHORITY, a state agency, | ) ) ) | UNPUBLISHED OPINION |
| Respondent, | ) ) | FILED: November 6, 2017 |

VERELLEN, C.J. — As a provider in Washington's Medicaid program, Allen Dental Laboratories, Inc. agreed to comply with applicable agency regulations. Those regulations require providers to maintain appropriate documentation, including medical records and charts. The agreement also authorized Washington Health Care Authority (HCA) to audit Allen Dental's records and recoup Medicaid payments if it failed to maintain appropriate documentation.

Because Allen Dental failed to keep complete and accurate medical records, including "legible, accurate, and complete charts and records to justify the services provided to each client,"[1] the HCA Board of Appeals (Agency) correctly assessed overpayments.

---

[1] Former WAC 388-502-0020(1)(a) (2007).

HCA extrapolated a portion of its audit results, as authorized by WAC 182-502A-0601. Allen Dental did not challenge the extrapolation in its request for hearing and failed to present evidence rebutting HCA's extrapolation methods. Allen Dental argues we should retroactively apply a recent statute limiting extrapolation, but that would frustrate the contract between Allen Dental and HCA. Allen Dental's challenge to the use of extrapolation fails.

Allen Dental's arguments regarding equitable estoppel and claimed underpayments also fail.

Therefore, we affirm.

## FACTS

Andon Allen is a licensed denturist who owns Allen Dental. In 2002, Allen signed a core provider agreement detailing Allen Dental's obligations under the state Medicaid program. Those obligations included compliance with applicable regulations and policies, as well as submission to audits by HCA's Office of Program Integrity. Allen renewed the agreement in 2008.

In June 2010, HCA's Office of Program Integrity notified Allen Dental of its intent to audit claims Allen Dental billed to Medicaid between May 1, 2007 and April 30, 2010. The audit universe consisted of 12,247 claims. HCA examined 363 specific claims within that universe. Of these specific claims, 338 were randomly selected, and overpayments identified in those randomly selected claims were extrapolated to the audit universe. HCA also conducted a claim by claim audit on the 25 highest paid claims in the audit universe, but these results were not extrapolated.

Ultimately, HCA issued its final audit report with a total extrapolated overpayment of $184,347.96. The primary issue identified in the audit concerned insufficient documentation to support services billed. Allen Dental filed a request for hearing, and the case was forwarded to the Office of Administrative Hearings.

HCA moved for partial summary judgment regarding 109 claims lacking any chart note or other medical documentation to support the billed service. Allen Dental argued it maintained clerical documents such as appointment books and billings to show it performed the service. Allen Dental submitted additional documentation for certain claims. HCA issued a revised final audit report that reduced the overpayment to $174,909.56.

The parties stipulated that the issues remaining for the hearing were limited to whether HCA properly assessed overpayments for 22 specific claims and whether HCA was equitably estopped from recovering the final extrapolated overpayment amount for all claims.

In the initial order, the administrative law judge concluded that, except for one claim, Allen Dental failed to show it complied with HCA's record-keeping requirements. The administrative law judge also determined that HCA was not equitably estopped from recovering the total overpayment sum of $174,358.65.

Allen Dental requested review of both the order granting partial summary judgment and the initial order by the Agency. The Agency affirmed both the assessed overpayments and the rejection of equitable estoppel.

On Allen Dental's petition for judicial review, the superior court affirmed.

Allen Dental appeals.

## ANALYSIS

The Administrative Procedure Act, chapter 34.05 RCW, governs agency action. "The burden of demonstrating the invalidity of agency action is on the party asserting invalidity."[2] The panel may only invalidate the order for the specific enumerated reasons set forth in RCW 34.05.570(3).[3] A finding will be upheld if it is supported by "evidence that is substantial when viewed in light of the whole record before the court."[4] We view the evidence in the light most favorable to the party that prevailed at the final administrative forum.[5] We review the Agency's conclusions de novo to determine whether it erroneously interpreted or applied the law.[6] We give the Agency's interpretation substantial weight.[7]

### I. Adequate Documentation

Allen Dental argues the Agency erred in affirming the audit report and assessing overpayments for its dental services.

Medicaid is a health insurance program jointly funded by federal and state governments that pays for health care for a specific population of Americans.[8] The

---

[2] RCW 34.05.570(1).

[3] See RCW 34.05.570(3)(d), (e), and (i) ("Review of agency orders in adjudicative proceedings. The court shall grant relief from an agency order in an adjudicative proceeding *only* if it determines that . . . the agency erroneously interpreted or applied the law; [t]he order is not supported by evidence that is substantial . . . ; [t]he order is arbitrary and capricious.") (emphasis added).

[4] RCW 34.05.570(3)(c).

[5] City of Univ. Place v. McGuire, 144 Wn.2d 640, 652, 30 P.3d 453 (2001).

[6] Bircumshaw v. Washington State Health Care Authority, 194 Wn. App. 176, 187-88, 380 P.3d 524 (2016).

[7] Pub. Util. Dist. 1 v. Dep't of Ecology, 146 Wn.2d 778, 790, 51 P.3d 744 (2002).

[8] Connecticut Dep't of Soc. Servs. v. Leavitt, 428 F.3d 138, 141 (2d Cir. 2005).

HCA administers the Medicaid program in Washington.[9] The State is only eligible for matching funds if it meets the requirements of the federal statute.[10]

States must provide a post-payment review process "to ensure the proper and efficient payment of claims and management of the program."[11] They must also provide methods to "safeguard against unnecessary utilization of such care and services and to assure that payments are consistent with efficiency, economy, and quality of care."[12]

To comply with this federal mandate, the Washington State Legislature authorized HCA to "inspect and audit all records in connection with the providing of such services,"[13] and recover overpayments.[14]

Allen Dental contends neither the provider agreement nor the regulations require patient charts as a means of documenting services.

This court interprets provider agreement provisions de novo.[15] We examine the provisions in the context of "'the contract as a whole, interpreting particular language in the context of other contract provisions.'"[16]

"[T]he department may assess an overpayment for medical services and terminate the core provider agreement if a provider fails to retain adequate

---

[9] 42 U.S.C. § 1396a.

[10] 42 C.F.R. § 430.1.

[11] 42 U.S.C. 1396a(37)(B).

[12] 42 U.S.C. 1396a(30)(A).

[13] RCW 74.09.200.

[14] RCW 74.09.220.

[15] Bircumshaw, 194 Wn. App. at 188; State v. R.J. Reynolds Tobacco Co., 151 Wn. App. 775, 783, 211 P.3d 448 (2009).

[16] Bircumshaw, 194 Wn. App. at 188 (quoting Viking Bank v. Firgrove Commons 3, LLC, 183 Wn. App. 706, 713, 334 P.3d 116 (2014)).

documentation for services billed to the department."[17] The agreement acknowledges HCA's authority to recoup payments if Allen Dental fails to maintain adequate documentation.[18]

The agreement explains that audits can be conducted at any time within six years of a date of service and that overpayments could be assessed as a result of those audits. It also provides that Allen Dental shall "[k]eep complete and accurate medical and fiscal records that fully justify and disclose the extent of the services or items furnished and claims submitted to the department."[19]

Allen Dental contends the agreement does not define the specific medical and fiscal records that must be maintained to justify or disclose denture services. But the agreement clearly required Allen Dental to comply with the regulations regarding documentation.

The applicable regulations expressly require providers to "keep legible, accurate, and *complete charts and records* to justify the services provided to each client,"[20] and "[m]ake *charts* and records available."[21]

In overlapping arguments, Allen Dental contends the regulations do not require it to maintain a chart for every patient in order to adequately document and justify

---

[17] Former WAC 388-502A-0800(2) (2008) (effective June 1, 2007 (these were the requirements that were in effect throughout Allen Dental's participation in the Medicaid program). See CP at 1918-1919 (agreement renewed in 2008).

[18] CP at 1916 (at 5.b.) ("The Provider understands that failure to submit or failure to retain adequate documentation for services billed to the department may result in recovery for payments for medical services not adequately documented.").

[19] See CP at 1916 (at 5.a.).

[20] Former WAC 388-502-0020(1)(a) (emphasis added).

[21] Former WAC 388-502-0020(1)(c) (emphasis added).

services, it actually provided the services, and it adequately documented each service by means of ledgers and appointment books. But Allen Dental ignores WAC provisions that reject using a provider's "bill for services, appointment books, accounting records, or other similar documents" as adequate documentation.[22] "At the least, the [provider] contract requires keeping and submission of any records listed in former WAC 388-502-0020(1) that were relevant to the provision of a particular billed service."[23] Complete charts are required.

Alternatively, Allen Dental contends the Agency erroneously interpreted or applied the law because Allen Dental *actually* performed the billed services. But this is not a fraud case. HCA's audit findings relate to inadequate documentation, not willful misrepresentation. It is clear that the State may assess an overpayment for lack of adequate documentation even if there is some collateral evidence regarding services provided.

In Bircumshaw v. Washington State, Health Care Authority, the provider argued HCA could not recoup payments purely on the failure to keep adequate records without determining that the provider failed to provide services.[24] But the Bircumshaw court recognized the requirements of the agreement and the code are intended to protect the integrity of the Medicaid program:

> Were we to hold otherwise, the potential for fraud on the Medicaid system would be too great. An optometrist could send fraudulent orders to Airway for eyeglasses or contact lenses without actually seeing a patient or without determining that ordered hardware is medically

---

[22] Former WAC 388-502A-0700(3) (2008) (effective June 1, 2007); see also former WAC 182-502A-0700(3) (2013).

[23] Bircumshaw, 194 Wn. App. at 195.

[24] 194 Wn. App. 176, 187, 380 P.3d 524 (2016).

necessary. If those orders were sufficient to prove the provision of services, HCA would be effectively unable to uncover the fraud. This is directly contrary to the policy rationale supporting Medicaid's audit requirement.[25]

The court concluded payments could be recouped for the failure to keep updated patient charts.

Allen Dental argues findings of inadequate documentation are not supported by substantial evidence because it has adequate documentation consisting of ledgers and appointment books. But HCA's auditor testified about the records at issue explaining why Allen Dental's documentation did not justify each claim. The auditor explained, "They may be business records and they may indicate that something was billed, but we want to see that the service was provided, and that would be a medical record or chart note indicating what was done and authenticated by the provider."[26] The auditor also testified, "They're not chart notes. The simple patient ledger is a billing document. The appointment book . . . doesn't meet the criteria."[27] And HCA expects to see authenticated chart notes showing the fabrication and delivery of the dentures.[28] Allen Dental failed to maintain adequate, authenticated charts as required by the regulations it agreed to comply with. Consistent with former WAC 388-502A-0700(3), billing statements, appointment books, and similar business records are not adequate

---

[25] Id. at 200.

[26] CP at 304.

[27] CP at 304.

[28] "We expect to see an authenticated chart note indicating the fabrication and delivery, and I don't see that in your records." CP at 307; see also Bircumshaw, 194 Wn. App. at 199-201 (recognizing order forms and appointment schedules are inadequate to prove medical necessity).

documentation.[29] Viewed in a light most favorable to HCA, who prevailed in the final administrative forum, the record supports the findings in the final order.

## II. Extrapolation

Allen Dental suggests recently adopted RCW 74.09.195[30] should be applied retroactively. Statutes may be applied retroactively if they relate "to practice, procedure or remedies and do not affect a contractual or vested right"[31] or impose a penalty.[32]

Here, RCW 74.09.195 adds new limits on the use and admissibility of extrapolation.[33] The statute is arguably procedural in that it addresses the process of using an audit, and remedial because it addresses the use of extrapolation to determine overpayments. But even a remedial statute cannot apply retroactively to impair a contract right.[34] A retroactive application of RCW 74.09.195 to an audit conducted long before the new statute would impair HCA's contractual right to require compliance with

---

[29] Allen Dental refers to x-rays and photos, but the record does not reflect that the limited x-rays and photos made available by Allen Dental documented fabrication and delivery of dentures.

[30] LAWS OF 2017, ch. 242, § 1, eff. July 23, 2017.

[31] Godfrey v. State, 84 Wn.2d 959, 961, 530 P.2d 630 (1975).

[32] Tomlinson v. Clarke, 60 Wn. App. 344, 351, 803 P.2d 828 (1991), aff'd, 118 Wn.2d 498, 825 P.2d 706 (1992).

[33] See RCW 74.09.195(1)(e) ("A finding of overpayment to a provider in a program operated or administered by the authority may not be based on extrapolation *unless* there is a determination of sustained high level of payment error involving the provider or when documented educational intervention has failed to correct the level of payment error. Any finding that is based upon extrapolation, and the related sampling, *must* be established to be statistically fair and reasonable in order to be valid. The sampling methodology used must be validated by a statistician or person with equivalent experience as having a confidence level of ninety-five percent or greater." (emphasis added)).

[34] See 1000 Virginia Ltd. P'ship v. Vertecs Corp., 158 Wn.2d 566, 146 P.3d 423 (2006) (claims that spring from contracts are vested rights, not subject to remedial statutes).

the adequate documentation regulations.[35] We decline to apply RCW 74.09.195 in this setting.

Allen Dental also contends HCA offered inadequate evidence supporting the validity of its extrapolation. Cases from other jurisdictions approve extrapolation in overpayment cases involving Medicare and Medicaid.[36]

In <u>Ratanasen v. State of California, Department of Health Services</u>, the California Department of Health Services audited claims by a physician who provided services under the Medi-Cal program.[37] To conduct the audit, the Department selected a sample of 300 beneficiaries out of a 8,761 beneficiary universe and extrapolated the results of the sample to the universe.[38] The Ninth Circuit upheld the use of statistical sampling and extrapolation, observing:

> We now join other circuits in approving the use of sampling and extrapolation as part of audits in connection with Medicare and other similar programs, provided the aggrieved party has an opportunity to rebut such evidence. To deny public agencies the use of statistical and mathematical audit methods would be to deny them an effective means of detecting abuses in the use of public funds. Public officials are responsible for overseeing the expenditure of our increasingly scarce

---

[35] 42 C.F.R. § 456.22; WAC 182-502A-0601; 42 U.S.C. 1396a(30); RCW 74.09.200, .220.

[36] <u>State of Ga., Dep't of Human Res. v. Califano</u>, 446 F. Supp. 404, 409-10 (N.D. Ga. 1977); <u>Goldstar Med. Servs. Inc. v. Dep't of Soc. Servs.</u>, 288 Conn. 790, 814-17, 955 A.2d 15 (2008); <u>see</u> <u>Illinois Physicians Union v. Miller</u>, 675 F.2d 151, 156 (7th Cir. 1982) ("We find nothing in this procedure, however, to suggest that extrapolation inherently works to the detriment of the physician. Sampling and extrapolation is no more likely to result in a situation where the physician will be required to return monies when there has been no overpayment than in a situation where the Department will not recoup the full amount overpaid. The audit procedures are not arbitrary, capricious or invidiously discriminatory.").

[37] 11 F.3d 1467, 1468 (9th Cir. 1993).

[38] <u>Id.</u> at 1468-69.

public resources and we must give them appropriate tools to carry out that charge.[39]

As in Ratanasen, this case involves sampling and extrapolation in a public assistance program. Allen Dental had an opportunity to rebut the statistical evidence presented by HCA.[40] Beyond cross-examining HCA's witness, the record does not reveal that Allen Dental disputed the statistical method used. Allen Dental neither presented testimony to rebut HCA's evidence nor identified this issue in its request for an administrative hearing.

We conclude Allen Dental failed to rebut HCA's extrapolation evidence.

### III. Equitable Estoppel

Allen Dental contends HCA should be equitably estopped from recovering the overpayments.

A party seeking to assert an equitable estoppel defense against HCA at an administrative hearing must prove five elements by clear and convincing evidence:

> (a) HCA made a statement or took an action or failed to take an action, which is inconsistent with a later claim or position by HCA.
>
> (b) The party reasonably relied on HCA's original statement, action or failure to act.
>
> (c) The party will be injured to its detriment if HCA is allowed to contradict the original statement, action or failure to act.
>
> (d) Equitable estoppel is needed to prevent a manifest injustice. Factors to be considered in determining whether a manifest injustice would occur include, but are not limited to, whether:

---

[39] Id. at 1471.

[40] See WAC 182-502A-0901(2) ("At the adjudicative proceeding, the entity bears the burden of proving by a preponderance of the evidence that it has complied with applicable laws, rules, regulations, and agreements."); see RCW 34.05.570(1)(a) ("The burden of demonstrating the invalidity of agency action is on the party asserting invalidity").

(i) The party cannot afford to repay the money to HCA;

(ii) The party gave HCA timely and accurate information when required;

(iii) The party did not know that HCA made a mistake;

(iv) The party is free from fault; and

(v) The overpayment was caused solely by an HCA mistake.

(e) The exercise of government functions is not impaired.[41]

Allen Dental argues that granting preauthorizations to Allen Dental without asking for charts at any time before the audit commenced is inconsistent with now requiring charts.

But preauthorization for certain services is not inconsistent with an overpayment claim based on a lack of adequate documentation. By definition, a preauthorization takes place *before* the services are actually provided and before the completion of those services could be documented.[42] Allen Dental's proposition that preauthorization amounts to advanced absolute approval would render the audit process meaningless.

And paying for services is not inconsistent with HCA's later audit findings that services were not adequately documented. The agreement provides that Allen Dental must follow *all* applicable rules and that overpayments can be recovered by HCA for up to six years after a given claim's date of service.

Allen Dental referred to one patient chart it maintained that may have been reviewed by an individual outside of HCA's program integrity section before the audit. But that chart was not offered as evidence, and Allen Dental does not establish whether it adequately documented the necessity and provision of the services billed.

---

[41] WAC 182-526-0495(2).

[42] Former WAC 388-535-1280 (2007), recodified as WAC 182-535-1280.

Allen Dental contends it reasonably believed it was entitled to payment for services rendered without maintaining patient charts because it "reasonably relied" on its office records as adequate documentation. But Allen Dental does not establish a prior inconsistent action or inaction by HCA supporting such a claim of "reasonable"[43] reliance.

HCA contends precluding recoupment of these payments would impair the exercise of government functions. We agree. The Washington State Legislature expressly found it is in the public interest that "a proper regulatory and inspection program be instituted in connection with the providing of medical, dental, and other health services to recipients of public assistance and medically indigent persons."[44] To accomplish this, the HCA is authorized to "inspect and audit all records in connection" with providing Medicaid services.[45]

If Allen Dental can prevent HCA from recouping overpayments because HCA paid for services, granted prior authorizations, or had some unrelated prior interaction, HCA's record-keeping requirements and post-payment review process would be greatly diminished. Such an expansive extension of equitable estoppel would interfere with HCA's ability to fulfill its mandate under state and federal law.[46]

---

[43] See Laymon v. State Dep't of Nat. Res., 99 Wn. App. 518, 527, 994 P.2d 232 (2000) ("Reasonableness is founded on the notion that the party claiming estoppel did not know the true facts and *had no means of discovering them*.") (emphasis added).

[44] RCW 74.09.200.

[45] RCW 74.09.200.

[46] RCW 74.09.200; 42 U.S.C. § 1396a(37)(B).

We conclude Allen Dental failed to establish by clear and convincing evidence an inconsistent action or statement by HCA, reasonable reliance, and that the exercise of government functions would not be impaired. Its equitable estoppel argument fails.

*IV. Evidence of Unpaid Claims*

Allen Dental contends the Agency erred in excluding two of its proposed exhibits documenting unpaid claims.

The scope of an administrative appeal is limited, and an administrative law judge does not have any inherent or common law powers.[47] In overpayment cases, the specific authority granted is to determine the amount of overpayment.[48] Allen Dental does not establish that this audit was a comprehensive financial audit extending to underpayments.

We conclude Allen Dental failed to establish that the administrative law judge had the authority to review the unpaid claims.

Therefore, we affirm.

WE CONCUR:

_Cox, J._

_Mann, J._

---

[47] WAC 182-526-0216(1).
[48] RCW 41.05A.170(4).