

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE DEC 2 6 2019

CHIEF JUSTICE

This opinion was
filed for record
at 8 a.m. on Dec 26, 2019

Susan L. Carlson
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 96884-5 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| DAVID JOSEPH BROWN, | ) | |
| | ) | |
| Respondent. | ) | Filed **DEC 2 6 2019** |
| | ) | |

MADSEN, J.—We are asked to decide whether the phrase "when required" in RCW 46.61.305(2) compels drivers to use their signal every time they turn or change lanes on a roadway. We hold that it does. The plain language of RCW 46.61.305 requires drivers to ensure turns and lane changes are done safely *and* with an appropriate turn signal. RCW 46.61.305(1). The phrase "when required" relates to the manner in which the required signal is made—continuously during not less than the last 100 feet traveled. RCW 46.61.305(1)-(2). Because David Brown did not signal continuously while his vehicle turned left through an intersection, he violated RCW 46.61.305.

Accordingly, we reverse the Court of Appeals and remand the case for further proceedings.

BACKGROUND

On the evening of March 22, 2015, Brown was driving his truck in Kennewick, Washington. Clerk's Papers (CP) at 11, 73.[1] State patrol officers observed Brown turn right onto a four-lane street. While turning, the left side tires of Brown's truck briefly crossed the white dashed divider line before moving back into the correct lane. Eventually, Brown activated his left turn signal and moved his truck left while the signal blinked multiple times before shutting off. Brown again signaled his intent to change lanes, moving into the designated left turn lane while the turn signal blinked twice and then ceased. CP at 12; *see also* Ex. 1 (law enforcement dashboard camera recording). Brown approached and stopped at a red light; he did not reactivate his left turn signal at the light or while executing the left turn. State patrol officers had been driving behind Brown through the lane changes and turn, and the officers initiated a traffic stop. After his breath test showed 0.26 breath alcohol content, Brown was arrested for driving under the influence.

In district court, Brown moved to suppress evidence gathered during the traffic stop. Among other things, the State argued that Brown violated RCW 46.61.305 for failing to continuously signal his intent to turn left. The court concluded that a driver is

---

[1] Brown and the State largely rely on the district court's findings of fact for the record in this case. These findings were adopted by the superior court, and neither party challenged them below. *See State v. Brown*, 7 Wn. App. 2d 121, 127, 432 P.3d 1241 (2019). The findings are therefore verities on appeal. *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).

2

not required to reactivate a turn signal when entering a turn-only lane and, thus, the state patrol officers had no cause to stop Brown. Without the breath alcohol concentration evidence, Brown's case was dismissed. The district court denied reconsideration.

The State appealed, and the superior court upheld the district court's decision that Brown's wide right turn and lane changes were proper but reversed the conclusion that he did not need to continuously signal his intent to turn left under RCW 46.61.305. Brown appealed only this holding. Br. of Appellant at 3-4 (Wash. Ct. App. No. 35304-4-III (2018)) (assigning error to superior court holding on RCW 46.61.305). The Court of Appeals reversed the superior court and concluded that .305 requires a signal only when public safety is affected. Because Brown was in a turn-only lane that did not jeopardize public safety, no signal was required. *State v. Brown*, 7 Wn. App. 2d 121, 123, 135-36, 432 P.3d 1241 (2019). Chief Judge Lawrence-Berrey dissented, reasoning that a signal must be continuous under the plain language of RCW 46.61.305. *Id.* at 140-42. The State moved for discretionary review here, which we granted. *State v. Brown*, 193 Wn.2d 1025 (2019).

## ANALYSIS

To determine whether Brown's failure to continuously signal his intent to turn violated RCW 46.61.305, we must first interpret the phrase "when required" in RCW 46.61.305(2).

The meaning of a statute is a question of law we review de novo. *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010) (citing

*Rozner v. City of Bellevue*, 116 Wn.2d 342, 347, 804 P.2d 24 (1991)). "Our fundamental purpose in construing statutes is to ascertain and carry out the intent of the legislature. We determine the intent of the legislature primarily from the statutory language. In the absence of ambiguity, we will give effect to the plain meaning of the statutory language." *In re Marriage of Schneider*, 173 Wn.2d 353, 363, 268 P.3d 215 (2011) (citations omitted). In determining whether a statute conveys a plain meaning, "that meaning is discerned from all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question." *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 11, 43 P.3d 4 (2002).

An undefined term is "given its plain and ordinary meaning unless a contrary legislative intent is indicated." *Ravenscroft v. Wash. Water Power Co.*, 136 Wn.2d 911, 920-21, 969 P.2d 75 (1998). If the statute is susceptible to more than one reasonable interpretation, it is ambiguous and the court "may resort to statutory construction, legislative history, and relevant case law for assistance in discerning legislative intent." *Christensen v. Ellsworth*, 162 Wn.2d 365, 373, 173 P.3d 228 (2007).

RCW 46.61.305 states:

> **When signals required—Improper use prohibited.** (1) No person shall turn a vehicle or move right or left upon a roadway unless and until such movement can be made with reasonable safety nor without giving an appropriate signal *in the manner hereinafter provided.*
> (2) A signal of intention to turn or move right or left *when required* shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning.

(Emphasis added.) "When required" is not defined in section .305 or Title 46. Brown contends the phrase implies there are instances when signaling is not required. Suppl. Br. of Resp't at 6-7; Br. of Appellant at 7 (Wash. Ct. App. No. 35304-4-III (2018)). Thus, he argues, interpreting RCW 46.61.305 as always requiring a signal renders the phrase meaningless. The Court of Appeals largely agreed, noting that we must construe statutes to give effect to all the language used. *Brown*, 7 Wn. App. 2d at 135 (citing *Cannabis Action Coal. v. City of Kent*, 180 Wn. App. 455, 477, 322 P.3d 1246 (2014)). Because the words "when required" were used, lawmakers contemplated circumstances when turn signals are not required. *Id.* at 136. To that end, the Court of Appeals read .305(1) as concerned primarily with public safety. *Id.* Consequently, the court reasoned that a signal under .305(2) is required only when public safety is implicated by .305(1). *Id.* If a turn can be made safely without a signal, no signal is required. *Id.* Because Brown was in a turn-only lane and no other traffic was affected, he could safely turn and no signal was needed. *Id.*

The plain language of .305(1) sets out two requirements: safe movement *and* use of an appropriate signal. *See State v. Lemus Lemus*, 103 Wn. App. 94, 99, 11 P.3d 326 (2000) ("Paraphrased in the affirmative, RCW 46.61.305(1) plainly means that the driver must make a lane change safely *and* with an appropriate signal."). The signal requirement in .305(1) is modified by the prepositional phrase "in the manner hereinafter provided." Subsection .305(2) then describes the *manner* of signaling: a signal of intention to turn or move when required shall be given continuously for not less than the

last 100 feet traveled by a vehicle. This provision sets out the manner of giving a turn signal; it does not describe when a signal is required.

As the State explains, signaling is always required *on roadways*. Pet. for Review at 7-8. RCW 46.61.305 does not regulate movement on other types of roads, such as private roads or parking lots. In the unrelated *State v. Brown*, a driver turned right out of a parking lot without signaling. 119 Wn. App. 473, 475, 81 P.3d 916 (2003). The Court of Appeals explained that the plain language of .305(1) applies to vehicles moving or turning upon a roadway, not *onto* a roadway. *Id.* The *Brown* court recognized that RCW 46.61.305 contains different requirements for vehicles traveling on different types of roads. Pet. for Review at 7-8. Thus, "when required" has meaning; signals are required when a turn or lane change is executed on a roadway.

Brown offers a conceivable but not reasonable interpretation of .305's "when required" when the phrase is read in context with subsection (1). *Lake*, 169 Wn.2d at 526 (plain meaning is discerned from the ordinary meaning of the language and the context of the statute in which that provision is found); *Burton v. Lehman*, 153 Wn.2d 416, 423, 103 P.3d 1230 (2005) ("[A] statute is not ambiguous merely because different interpretations are conceivable."). Brown's interpretation conflates .305(1) and (2). It also merges the safety requirement with the signal requirement—presumably no turn or lane change will be executed unless it can be done safely, and a turn or lane change done safely will never require a signal.

Brown's interpretation also ignores its implications for public safety. One purpose of a turn signal is to alert other drivers and pedestrians of one's intent to change lanes as well as to turn right or left. *See* RCW 46.61.305(1). Brown's interpretation relies on driver perception but does not account for the perceptions of other drivers and pedestrians. Blind corners and unprotected left turns with oncoming traffic abound; pedestrians may or may not cross streets depending on the presence of a car's turn signal; and, failing to signal may lead other drivers to think it safe to change lanes or turn themselves.

Brown would presumably argue that his reading of .305 covers these situations because a lane change or turn must always be done safely. That is, when other traffic or pedestrians are present, public safety is implicated and a signal is required. But such an interpretation presumes the driver is *aware* of other traffic or pedestrians. Tragically, this is not always the case. *See, e.g., Niven v. MacDonald,* 72 Wn.2d 93, 431 P.2d 724 (1967) (a driver failed to look for possible traffic immediately before beginning a left turn across a passing lane and collided with another vehicle); NAT'L SAFETY COUNCIL, UNDERSTANDING THE DISTRACTED BRAIN 2 (2012) (distracted drivers may look at but not see objects); CHRISTOPHER CHABRIS & DANIEL SIMONS, THE INVISIBLE GORILLA 22-26 (2010) (noting that humans often fail to notice unexpected objects in plain sight known as "inattentional blindness"). Leaving the decision to use a signal to the perception of individual drivers undermines the ultimate purpose of traffic laws: preventing accidents and encouraging highway safety. *See Pudmaroff v. Allen,* 138

Wn.2d 55, 65, 977 P.2d 574 (1999) (citing RCW 46.90.005); *see also* EDWARD C.

FISHER, VEHICLE TRAFFIC LAW 41 (Robert L. Donigan ed., 1961) (motor vehicle laws are

meant to prevent accidents and promote the safe and orderly flow of traffic). The State's

interpretation, on the other hand, recognizes that whenever a driver intends to turn or

change lanes, a signal is required—eliminating the potential for "driver error," as

described above.

The plain language of RCW 46.61.305 is sufficiently clear to discern legislative

intent. The phrase "when required" refers to the manner of providing a required signal

whenever a driver is traveling on a roadway. Here, Brown signaled once to enter the left-

turn-only lane. While the turn-only lane may have indicated to drivers behind Brown

(i.e., the state patrol car) that he intended to turn, neither nearby nor oncoming traffic was

alerted because Brown did not continuously signal. A turn-only lane has markings on the

street, but they may not be visible to oncoming traffic—made more obscure by the cars

covering them and by the time of day, 10 p.m. in this case.

This interpretation of .305(2) is bolstered by the unrelated *State v. Brown*, as well

as cases from other jurisdictions. In *State v. Fasteen*, 2007 ND 162, ¶ 10, 740 N.W.2d

60, 63, the North Dakota Supreme Court concluded the phrase "when required" in its

nearly identical signaling provision "refers to the giving of a signal as an intention to turn

or move right or left 'upon a roadway' as required under subsection (1)."[2] The Supreme

---

[2] N.D. CENT. CODE § 39-10-38 (1987):
    1. No person may turn a vehicle or move right or left upon a roadway unless and until such movement can be made with reasonable safety without giving an appropriate signal in the manner hereinafter provided.

Court of Kansas held its identical signaling statute[3] requires "anyone turning a vehicle must provide 'an appropriate signal'—namely, a turn signal given continuously for at least 100 feet before the turn. The statute does not provide any exception to this rule." *State v. Greever*, 286 Kan. 124, 138, 183 P.3d 788 (2008); *see also State v. Lowman*, 82 Ohio App. 3d 831, 835, 613 N.E.2d 692 (1992); *State v. Kelly*, 229 Or. App. 461, 472, 211 P.3d 932 (2009).

The three cases Brown cites in support of his argument are distinguishable because the signaling statutes at issue in those cases contain meaningfully different language than RCW 46.61.305. In *Grindeland v. Montana*, section 61-8-336(1) of the Montana Code Annotated stated that a person shall not turn a vehicle "'without giving an appropriate signal . . . in the event any other traffic may be affected by such movement.'" 306 Mont. 262, 265, 32 P.3d 767 (2001) (alteration in original). The statute specifically ties giving an "appropriate signal" to "in the event any other traffic may be affected by" a turn. *Id.* RCW 46.61.305(1) lacks this "other traffic affected" language. The same is true for *United States v. Mariscal*—the Arizona signaling statute at issue there contained the same language as Montana, that "'[a] person shall not so turn any vehicle without giving

---

2. A signal of intention to turn or move right or left when required must be given continuously during not less than the last one hundred feet [30.48 meters] TRAVELED BY THE VEHICLE BEFORE TURNING.

[3] KAN. STAT. ANN. § 8-1548 (1974) provides in relevant part:
(a) No person shall turn a vehicle or move right or left upon a roadway unless and until such movement can be made with reasonable safety, nor without giving an appropriate signal in the manner hereinafter provided.
(b) A signal of intention to turn or move right or left when required shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.

an appropriate signal in the manner provided by this article in the event any other traffic may be affected by the movement.'" 285 F.3d 1127, 1131 (9th Cir. 2002) (alteration in original) (quoting ARIZ. REV. STAT. § 28-754(A)). *United States v. Caseres* contains the same language as Arizona and is similarly distinguishable. 533 F.3d 1064, 1068 (9th Cir. 2008) (citing CAL. VEH. CODE § 22107). Suppl. Br. of Resp't at 8-9.[4]

CONCLUSION

The plain language of RCW 46.61.305 requires a driver to signal his or her intent to turn or change lanes on a roadway. The phrase "when required" relates to the manner in which that signal is made. Brown did not continuously signal his intent to turn left; therefore he violated RCW 46.61.305. This is the only issue before the court. Accordingly, we reverse the Court of Appeals and remand the case for further proceedings consistent with this opinion.

---

[4] Brown also cites *Bowers v. State*, 221 Ga. App. 886, 473 S.E.2d 201 (1996), in support. Suppl. Br. of Resp't at 6. *Bowers*, like *Grindeland*, *Mariscal*, and *Caseras*, is distinguishable from Washington's signaling statute. At issue in *Bowers* was Georgia Code Annotated § 40-6-123. Subsection (a) of the statute is similar to RCW 46.61.305(1): "No person shall . . . change lanes or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate and timely signal in the manner provided in this Code section." Subsection (b) of the Georgia code, however, contains important differences to RCW 46.61.305(2). Subsection 40-6-123(b) provides that a signal "to turn right or left or change lanes when required shall be given continuously for a time *sufficient to alert the driver of a vehicle proceeding* from the rear in the same direction or a driver of a vehicle approaching from the opposite direction." (Emphasis added.) Unlike -123(b), .305(2)'s "when required" lacks language specifying its purpose to alert oncoming and proceeding vehicles.

No. 96884-5

_Madsen, J._

WE CONCUR:

_Fairhurst, C.J._

_Owens, J._

_Wiggins, J._

_Stephens, J._

_González, J._

_Gordon McCloud, J._

_Yu, J._

11