# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58853-6-II |
| Respondent/Cross-Appellant, | consolidated with No. 59103-1-II |
| v. | |
| M.V., | PUBLISHED OPINION |
| Appellant/Cross-Respondent. | |

MAXA, P.J. – This consolidated appeal involves challenges to the dispositions in two juvenile court adjudications against MV for prison riot.

The standard disposition range for MV in both cases was 52 to 65 weeks. In the first case, the trial court sentenced MV to 52 weeks. The court stated that it could not impose a disposition above 52 weeks, the highest adult standard range sentence for prison riot as an unranked offense under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. In the second case, the trial court sentenced MV to a standard range disposition of 52 to 65 weeks. The State appeals MV's disposition in the first case (case number 58853-6-II) and MV appeals his disposition in the second case (case number 59103-1-II).

RCW 13.40.160(11) states, "In no case shall the term of confinement imposed by the court at disposition exceed that to which an adult *could be subjected for the same offense.*" (Emphasis added.) The issue is whether "could be subjected for the same offense" refers to (1)

the statutory maximum sentence for the offense of prison riot, which under RCW 9.94.010 is 10 years; or (2) the highest adult standard range sentence for prison riot, which under RCW 9.94A.505(2)(b) is one year.

We hold that RCW 13.40.160(11) refers to the maximum statutory sentence for an offense, which for prison riot is 10 years under RCW 9.94.010. Therefore, we hold that the trial court erred in ruling that it could not impose more than a 52 week disposition in the first case, and the trial court did not err in imposing the 52 to 65 week sentence in the second case.

Accordingly, we reverse MV's disposition in case number 58853-6-II and remand for a new disposition consistent with this opinion. We affirm MV's disposition in case number 59103-1-II.

## FACTS

In October 2023, MV was adjudicated guilty of prison riot stemming from an incident at Green Hill School, a juvenile correctional facility. Based on MV's criminal history of four prior adjudications, his standard disposition range was 52 to 65 weeks.

At the disposition hearing, MV noted that prison riot is an unranked class B felony, with a standard range sentence of not more than one year. He argued that under RCW 13.40.160(11), the maximum disposition the court could impose was 52 weeks.

The trial court imposed a disposition of 52 weeks. In the order on adjudication and disposition, the court stated that RCW 13.40.160(11) "prevents standard range (52-65 weeks) disposition." Clerk's Papers (CP) at 19. The court's conclusions of law stated that it was "limited to a sentence of 52 weeks because imposition of the standard juvenile disposition would exceed the sentence the Court could impose on an adult convicted of the same offense." CP at 34.

In December 2023, MV again was adjudicated guilty of prison riot as well as several counts of custodial assault, based on another incident at Green Hill School. The standard disposition range for prison riot again was 52 to 65 weeks. The State argued at the disposition hearing that because the prison riot statute allowed a sentence of one to 10 years, a standard range disposition of 52 to 65 weeks was appropriate. The trial court imposed a disposition of 52 to 65 weeks.

The State appeals MV's disposition in the first case (case number 58853-6-II), and MV appeals his disposition in the second case (case number 59103-1-II).[1] This court consolidated the two cases for appeal.

## ANALYSIS

### A.   STATUTORY INTERPRETATION

Statutory interpretation is a question of law we review de novo. *State v. Abdi-Issa*, 199 Wn.2d 163, 168, 504 P.3d 223 (2022). The primary goal of statutory interpretation is to determine and give effect to the legislature's intent. *Id.* To determine the legislature's intent, we first look to the plain language of the statute, considering the language of the provisions in question, how the provisions fit within the context of the statute, and the statutory scheme as a whole. *Id.* at 168-69. We end the inquiry if the plain language of the statute is clear. *Id.* at 169.

If the plain language of the statute is susceptible to more than one reasonable interpretation, the statute is ambiguous. *State v. Brown*, 194 Wn.2d 972, 976, 454 P.3d 870 (2019). We first attempt to resolve the ambiguity and determine the legislature's intent by considering other indicia of legislative intent, including principles of statutory construction,

---

[1] MV also appealed the disposition in the first case, but he makes no arguments on appeal challenging that disposition.

legislative history, and relevant case law. *Id.* If these indications are insufficient to resolve the ambiguity, the rule of lenity requires that we interpret the ambiguous statute in favor of the defendant. *State v. Lake*, 13 Wn. App. 2d 773, 777, 466 P.3d 1152 (2020).

B.      INTERPRETATION OF RCW 13.40.160(11)

MV argues that RCW 13.40.160(11) requires a trial court to impose a disposition that does not exceed the highest standard range sentence a similarly situated adult could receive for the same offense, which for prison riot is one year. The State argues that RCW 13.40.160(11) allows a trial court to impose a disposition that does not exceed the statutory maximum sentence for prison riot, which is 10 years. We agree with the State.

1.    Applicable Statutes

RCW 9.94.010(1) defines the offense of prison riot. RCW 9.94.010(2) states that a person guilty of prison riot is guilty of a class B felony, and "shall be punished by imprisonment in a state correctional institution for not less than one year nor more than ten years."

However, the SRA provides for standard range adult sentences depending on prior criminal history and the seriousness of the offense committed. RCW 9.94A.510, .517. RCW 9.94A.505(2)(a)(i) states that "[u]nless another term of confinement applies," the court must impose a sentence within the standard sentence range. RCW 9.94A.505(2)(b) states, "If a standard sentence range has not been established for the offender's crime, the court shall impose a determinate sentence which may include not more than one year of confinement." No standard range has been established for prison riot because it has not been assigned a seriousness level under RCW 9.94A.515, meaning that RCW 9.94A.505(2)(b) applies to that unranked offense.

However, RCW 9.94A.505(2)(b) also states, "*The court may impose a sentence which provides more than one year of confinement* . . . if the court finds reasons justifying an

4

exceptional sentence as provided in RCW 9.94A.535." (Emphasis added.) Under the SRA, a trial court can impose a sentence above or below the standard range "if it finds . . . substantial and compelling reasons justifying an exceptional sentence." RCW 9.94A.535. But an exceptional sentence cannot exceed the statutory maximum sentence for the conviction offense. *State v. Lone*, 33 Wn. App. 2d 119, 126, 559 P.3d 569 (2024); *see also* RCW 9.94A.537(6).

RCW 13.40.160(1), a section of the Juvenile Justice Act (JJA), chapter 13.40 RCW, states that "[t]he standard range disposition for a juvenile adjudicated of an offense is determined according to RCW 13.40.0357." RCW 13.40.0357 (option A) contains a disposition grid for different types of offenses. Prison riot is not specifically listed, but an offense equivalent to an adult class B felony is in category B. RCW 13.40.0357. The standard range disposition for a category B offense when the offender has four or more adjudications (like MV) is 52 to 65 weeks. RCW 13.40.0357.

Under the JJA, a trial court can impose a disposition outside the standard range if the court finds by clear and convincing evidence that a standard range disposition "would effectuate a manifest injustice." RCW 13.40.160(2); s*ee also* RCW 13.40.0357 (option D).

As noted above, RCW 13.40.160(11) states, "In no case shall the term of confinement imposed by the court at disposition exceed that to which an adult could be subjected for the same offense."

2. Plain Language

The starting point in statutory interpretation is the plain language of the statute. *Abdi-Issa*, 199 Wn.2d at 168. We must determine under the plain language of RCW 13.40.160(11) the sentence to which an adult committing the offense of prison riot *could be subjected*.

MV emphasizes that the standard range sentence under RCW 9.94A.505(2)(b) for the unranked offense of prison riot is not more than one year. He argues that under this provision, one year is the highest sentence that could be imposed on an adult. But MV ignores the fact that RCW 9.94A.505(2)(b) also expressly provides that a trial court may impose a sentence of more than one year if the court finds reasons justifying an exceptional sentence under RCW 9.94A.535. Under this provision, a trial court has the authority to impose an exceptional sentence for an unranked offense. The only limitation is that the exceptional sentence cannot exceed the statutory maximum. *Lone*, 33 Wn. App. 2d at 126.

RCW 9.94.010(2) states that the maximum sentence for an adult guilty of prison riot is 10 years. Under RCW 9.94A.505(2)(b), the trial court has authority to impose an exceptional sentence of more than one year for unranked offenses like prison riot. Therefore, an adult convicted of prison riot "could be subjected" to a sentence of more than one year if the court finds a basis for an exceptional sentence, up to a maximum of 10 years.

MV would have us interpret RCW 13.40.160(11) as stating, "In no case shall the term of confinement imposed by the court at disposition exceed [*the standard range sentence*] to which an adult could be subjected for the same offense." But RCW 13.40.160(11) obviously does not include that bracketed language.[2] We cannot add words to an unambiguous statute under the guise of construction. *State v. Hawkins*, 200 Wn.2d 477, 492, 519 P.3d 182 (2022). RCW 13.40.160(11) refers only to the sentence to which an adult "could be subjected for the same offense."

---

[2] We note that the legislature used the term "standard range" in several other subsections of RCW 13.40.160, albeit in the context of juvenile dispositions. But "standard range" was not used in RCW 13.40.160(11).

MV also argues that RCW 13.40.160(11) should be interpreted as referring to an adult who is "similarly situated" to the specific juvenile subject to the disposition at issue. But again, RCW 13.40.160(11) contains no such language. We decline to add such language. *See Hawkins*, 200 Wn.2d at 492. RCW 13.40.160(11) refers only to the sentence to which an adult "could be subjected for the same offense."

We conclude that under the unambiguous language of RCW 13.40.160(11), the sentence to which an adult "could be subjected for the same offense" is the statutory maximum sentence for the offense, not the high end of the standard sentence range.

Division Three of this court reached the same conclusion years ago in *State v. Miller*, 54 Wn. App 763, 766-67, 776 P.2d 149 (1989). Arguably, the legislature has acquiesced to the interpretation of RCW 13.40.160(11) in *Miller* because it has amended RCW 13.40.160 multiple times in the last 35 years without acting to repudiate *Miller*. " '[T]he legislature is presumed to know the law in the area in which it is legislating,' which includes existing precedent." *In re Pers. Restraint of Frazier*, 4 Wn.3d 1, 15, 558 P.3d 451 (2024) (quoting *Wynn v. Earin*, 163 Wn.2d 361, 371, 181 P.3d 806 (2008)).

Here, MV's standard range disposition was 52 to 65 weeks. Under RCW 9.94A.505(2)(b), an adult convicted of prison riot "could be subjected" to a sentence of 65 weeks if the trial court found a basis for an exceptional sentence. Therefore, we hold that the trial court erred in ruling that it was limited a 52 week disposition in case number 58853-6-II, and the trial court did not err in imposing a 52 to 65 week disposition in case number 59103-1-II.

CONCLUSION

We reverse MV's disposition in case number 58853-6-II, and remand for a new disposition consistent with this opinion. We affirm MV's disposition in case number 59103-1-II.

_____
MAXA, P.J.

We concur:

_____
VEE, J.

_____
CHE, J.